Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of ROSE CAMPBELL, Appellant, on Behalf of Herself and Children, for Compensation under the Workmen's Compensation Law, for the Death of ANDREW CAMPBELL, v. CLAUSEN-FLANAGAN BREWERY, Employer, and THE BREWERS MUTUAL INDEMNITY INSURANCE COMPANY, Insurance Carrier, Respondents.

Third Department, July 1, 1918.

Workmen's Compensation Law — death of driver of brewery wagon from heat prostration — heat prostration not arising " out of " employment — appeal — conclusion of Commission based upon undisputed facts not reviewable.

Where the driver of a brewery wagon while returning to the brewery in the afternoon after he had completed his work and unloaded a large number of half barrels of beer, alighted from the wagon and in about ten minutes dropped dead as the result of heat prostration, and the assistant who accompanied him stated that he was not specially affected by the heat and there was a large umbrella on the wagon as a protection from the rays of the sun, the State Industrial Commission was justified in drawing the inference that the heat prostration which caused his death did not arise " out of " his employment, and that conclusion is not reviewable.

APPEAL by the claimant, Rose Campbell, from a determination of the State Industrial Commission, entered in the office of said Commission on the 12th day of December, 1917, disallowing the claim for compensation herein.

*Frederick Case,* for the appellant.

*Fitch & Grant* [*Grant C. Fox* of counsel], for the respondents the employer and insurance carrier.

COCHRANE, J.:

The deceased employee died as the result of heat prostration on August 1, 1917, after a prolonged period of excessive heat. He was a driver of a brewery wagon engaged in delivering beer. He began work at seven o'clock in the morning of the day of his death and delivered ninety-one half barrels of beer at eleven places in Flushing, N. Y. About three

o'clock in the afternoon of that day he was driving the brewery wagon about five miles from the city of New York when he stopped the horses, alighted from the wagon, and walked around apparently suffering from the heat. In about ten minutes he dropped dead having uttered no word after he alighted from the wagon.

The Commission finds that the heat prostration which resulted in death was an accidental injury which arose in the course of the employment but that it did not arise out of the employment.

The question is whether the deceased by reason of his employment was subjected to a special and increased hazard not common to the public in general but because of the particular circumstances under which he was required to work. The principle applicable to such cases is correctly stated by Commissioner Mitchell in *Hernon* v. *Holahan* (14 State Dept. Rep. 597). In that case the employee sustained a sunstroke while working in a close car with very little air. The Commissioner said: " The deceased was required to work on a very hot day in a close car handling lumber, which required great exertion. This work under these circumstances, therefore, subjected him to a special and increased hazard. The deceased sustained a sunstroke, not by reason of a risk assumed by the public in general, but because of the special circumstances under which he was required to work." An award was made in that case which was affirmed by this court in 182 Appellate Division, 126. So, also, in *Days* v. *Trimmer & Sons, Inc.* (176 App. Div. 124) an award made to the claimant for a frostbite was sustained on the ground that " the claimant by reason of his employment in handling wet coal in the storm was specially affected by the severity of the weather." Cases of sunstroke and frostbite, both arising from extreme weather conditions, although of opposite extremes, seem to be analogous. The distinction between those cases and the present case made by the Commission itself indicates that the Commission is under no misapprehension as to the legal question involved and that its determination herein is based on its belief that the work in which the deceased was engaged did not contribute to his death.

The facts in this case are undisputed. The question as above enunciated depends on inferences to be drawn from such undisputed facts. Whatever answer the Commission gives to the question finds support in the evidence and is binding on this court. Thus in *Days* v. *Trimmer & Sons, Inc.* (*supra*), it was said by this court speaking through LYON, J., " that the injuries arose out of the employment was fairly a question of fact for the determination of the Commission, and it was fully justified in finding from the evidence " that the claimant was specially affected by the weather conditions. He further said in reviewing cases from other jurisdictions where it was held that frostbites did not arise out of the employment: " In those cases the court found that the man was not specially affected by the severity of the weather by reason of his employment, and the appellate court held that such finding was one of fact and binding." In the *Days* case as here the evidence was uncontradicted but the proper inference to be drawn from such uncontradicted evidence was held to be a question of fact.

" Where conflicting inferences from the same facts are possible, different triers of facts may draw different conclusions, and the weight of evidence is not for consideration in this court." (*Matter of Heitz* v. *Ruppert,* 218 N. Y. 148, 153.)

It was a question of fact for the Commission to determine whether the deceased was specially affected by the severity of the heat by reason of his employment. Although earlier in the day his duties required him to unload a large number of half barrels of beer, he had completed that work and was returning to the brewery. It does not appear how long an interval of time elapsed between unloading the beer and his death. He was accompanied by an assistant who presumably exerted himself as much as the deceased and who testified that he did not work harder on the hot days than on other days, and that he was not specially affected by the heat except that it caused him to perspire. There was a large umbrella on the wagon as a protection from the rays of the sun. Apparently the deceased was returning from Flushing to New York and while riding along the highway in the ordinary manner he was overcome by the heat. From all the cir-

cumstances the Commission was justified in drawing the inference that the heat prostration which caused his death did not arise " out of " his employment, and that conclusion is not reviewable.

The decision is, therefore, affirmed.

Decision unanimously affirmed.