Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of JADWIGA BREZZENSKI, Widow, Respondent, for Compensation to Herself and Children under the Workmen's Compensation Law, for the Death of Her Husband, ANDREW BREZZENSKI, *v.* CRENSHAW ENGINEERING COMPANY, Employer, and EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., Insurance Carrier, Appellants.

Third Department, June 30, 1919.

**Workmen's Compensation Law — death of employee from excessive heat — sufficiency of findings of fact of State Industrial Commission.**

Where the State Industrial Commission found that a workman along the tracks of an elevated railway came to his death from a heat stroke arising out of and in the course of the employment, but failed to find that the deceased came to his death through exposure, by reason of his employment, to heat more excessive than that to which others were subjected, or through any special hazard of his employment, an award should be reversed and the claim remitted to the Commission for further action.

APPEAL by the defendants, Crenshaw Engineering Company and another, from an award of the State Industrial Commission, entered in the office of said Commission on or about the 1st day of February, 1919.

*Bertrand L. Pettigrew [Walter L. Glenney* of counsel], for the appellants.

*Charles D. Newton,* Attorney-General *[E. C. Aiken,* Deputy Attorney-General, of counsel], for the respondents.

H. T. KELLOGG, J.:

The deceased became prostrated with the heat while at work along the tracks of an elevated railway, at about four-thirty

o'clock in the afternoon of August 9, 1918, and died the following day. He had been engaged for many hours on the elevated structure, moving up and down in the full glare of the sun, carrying bolts and material to workmen, and flagging trains to warn them of repair work then in progress. It was eighty-eight degrees Fahrenheit in the shade between the hours of four and five P. M. upon that day. The day, evidently, marked the conclusion of an intense heat wave, for on the fifth the maximum temperature was ninety-one, on the sixth ninety-three, on the seventh one hundred and two, and on the eighth ninety-four. The Commission found that the deceased came to his death from a heat stroke arising out of and in the course of the employment. In *Campbell* v. *Clausen-Flanagan Brewery* (183 App. Div. 499) it was said of a sun stroke case: " The question is whether the deceased by reason of his employment was subjected to a special and increased hazard not common to the public in general, but because of the particular circumstances under which he was required to work." After it had been remarked therein that the facts were undisputed, it was also said: " It was a question of fact for the Commission to determine whether the deceased was specially affected by the severity of the heat by reason of his employment." In the case at bar the Commission did not find that the deceased came to his death through exposure, by reason of his employment, to heat more excessive than that to which others were subjected, or through any special hazard of his employment. Therefore, it did not make a finding of fact which, under the authorities, was necessary to justify an award.

The award should be reversed and claim remitted to the Industrial Commission for such further action as may be advised.

All concurred.

Award reversed and matter remitted to the State Industrial Commission.