Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of MRS. ALTA KLEIN, Respondent, for Compensation under the Workmen's Compensation Law for the Death of Her Husband, HENRY KLEIN, v. GEORGE W. STILES CONSTRUCTION COMPANY, Employer, and ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LTD., Insurance Carrier, Appellants.

Third Department, November 18, 1920.

**Workmen's Compensation Law — findings of Commission on conflicting evidence not disturbed.**

The claim that the death of an employee was due to acute dilatation of the heart caused by an accidental injury received in the course of his employment having been sharply contested on the ground that death was caused

by the previous diseased condition of the heart, though there was no dispute as to what took place at the time of the accident, and the claimant having offered legal evidence in support of her contention which fairly upheld the same, the determination of the State Industrial Commission will not be disturbed.

APPEAL by the defendants, George W. Stiles Construction Company and another, from an award and order of the State Industrial Commission, entered in the office of the said Commission at Niagara Falls, N. Y., on the 5th day of March, 1920.

*Philip J. O'Brien* [*John · N. Carlisle* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* and *Bernard L. Shientag* of counsel], for the respondents.

KILEY, J.:

Claimant's intestate was a carpenter, at work for the employer, appellant, at Niagara Falls on the 15th day of January, 1919. He and a fellow-workman were at work on the construction of an apartment house, and at the time pertinent here they were fitting, laying and securing joists on the ground floor of the building; while so at work claimant alleges her husband received accidental injuries which resulted in his death on May 13, 1919. After an extended hearing before the State Industrial Commission it made the following finding: " On January 15, 1919, while the said Henry Klein was engaged in the regular course of his employment, and while working on a building in the course of construction on Orleans Avenue, between 24th and 25th Street, Niagara Falls, New York, the said Henry Klein while endeavoring to push a joist in position with one foot, in order that a fellow workman might nail the joist in place, his other foot slipped in the mud and went into a hole, thereby causing him to sustain a strain of the internal organs, which caused an acute dilatation of the heart, which never compensated, and which finally resulted in his death on May 13, 1919. His death being the direct result of the accidental injuries sustained by him while engaged

in the regular course of his employment on January 15, 1919."
There is no evidence in the record contradicting what took
place at the time it is urged he was injured, viz., while standing
on the ground he threw up one of his legs so as to bring his
foot against the joist which was elevated upwards of two feet
above the ground where he was standing and that the other
foot on the ground slipped in the mud and that he complained
and showed in his face and actions that he had received an
injury then and there. Appellants' ground of contest is that
death resulted from a previous diseased condition of the heart.
This question was sharply litigated before the Commission;
medical experts were called as witnesses by both parties,
and on this question expressed divergent views. The condition
of the heart, upon which the opposition to claimant was based,
was described by deceased's physician. He had attended him
when he had pneumonia in 1918, and previous for a sprained
knee, and the history of the medical case disclosed that he
had had measles when a boy, and previous pneumonia when
about eighteen years of age; he was about twenty-eight years
old when he died, and at one time he suffered from a couple
of fractured ribs. He had examined his heart before the
time of the alleged accident, and found what he described in
the following answer to a question asked of him: " A. The
condition of the heart, there was a systolic murmur but no
sign of any diseased condition of the heart; there was no
hypertrophy of the heart at that time " (1918), and in reply
to a question from the Commissioner he said there was no
dilatation. He further testified: " There may be some little
defect of the valve or in the approximation of the valves "
as the cause of the systolic murmur. Systole means the
contraction of the heart and arteries, and decedent's physician
testified that it did not necessarily mean loss of compensation.
Hypertrophy means the abnormal increase in the size of an
organ. Dilatation of the heart means an increase in size of
one or more of the heart cavities from weakening of the muscles.
After the injury the last two conditions of the heart were
manifest. The evidence of appellant's experts is to the effect
that the first condition, systolic murmur, being present,
developed into the last two conditions, and while the strain
might have taken place as described by claimant, yet the

heart was ripe for the breakdown from such strain or from any other unusual exertion. As heretofore observed, the contest was sharp upon this point, and claimant's position was ably assailed, yet her position is not devoid of support in the evidence, and as Mr. Justice COCHRANE said in *Campbell* v. *Clausen-Flanagan Brewery* (183 App. Div. 499), quoting from the opinion in *Matter of Heitz* v. *Ruppert* (218 N. Y. 148): " ' Where conflicting inferences from the same facts are possible, different triers of facts may draw different conclusions, and the weight of evidence is not for consideration in this court.' " In *Matter of Carroll* v. *Knickerbocker Ice Co.* (218 N. Y. 435), the court, speaking of section 68 of the Workmen's Compensation Law, and of that statute generally, says: " That section does not declare the probative force of any evidence, but it does declare that the aim and end of the investigation by the Commission shall be ' to ascertain the substantial rights of the parties.' * * * The act may be taken to mean that while the Commission's inquiry is not limited by the common law or statutory rules of evidence or by technical or formal rules of procedure, and it may in its discretion accept any evidence that is offered; still in the end there must be a residuum of legal evidence to support the claim before an award can be made." Legal evidence on the part of the claimant was submitted on the hearing before the Commission and, therefore, does not come under the criticism found necessary in *Carroll* v. *Knickerbocker Ice Co.* (*supra*). Nor do I think it comes within the rule laid down by Mr. Justice H. T. KELLOGG in his very able opinion in *Richardson* v. *Greenberg* (188 App. Div. 248). While a slight defect, in an otherwise healthy heart, existed before the day of the injury, it was not presently fatal; it was not necessarily remotely fatal, if at all, which contention the evidence fairly upholds, except the evidence of experts based upon hypothetical questions. So far as any previous personal history of the case was concerned, they did not have it.

A question of fact was presented and the award should be affirmed.

Award unanimously affirmed.