Before STATE INDUSTRIAL BOARD, Respondent.

JAMES WEIGHTON, Claimant, Respondent, *v.* THE AUSTIN COMPANY and Another, Appellants.

Third Department, May 2, 1923.

**Workmen's compensation — award — Industrial Board may reopen proceedings after dismissal and make award — procedure of Industrial Board should conform to rules and Civil Practice Act except as provided in Workmen's Compensation Law, § 20 — case remitted for further findings as to quality of disability.**

The State Industrial Board has the power to reopen the case and make an award in addition to the compensation paid under agreement between the employer and employee, after it has once dismissed the claim.

The procedure of the Industrial Board should conform substantially to the rules and provisions of the Civil Practice Act, so far as applicable, except as provided in section 20 of the Workmen's Compensation Law.

Since no findings were made as to the quality of the disability of the claimant, whether temporary or permanent, the case is remitted to the Industrial Board to make findings in that respect.

APPEAL by the defendants, The Austin Company and another, from awards of the State Industrial Board, made on the 22d day of May, 1922, and the 30th day of October, 1922, respectively.

*E. C. Sherwood* [*William B. Davis* of counsel], for the appellants.

*Carl Sherman, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondents.

KILEY, J.:

It was agreed between employer and employee that the accident out of which this claim arose happened August 16, 1917. The business of the employer was that of contractor, and the employee, claimant, was a carpenter engaged on outside construction for such employer. The cause of the injury was a fall of about thirty feet from a roof of a building. The claimant in his first notice of injury says the injury was to his side, but that the extent was unknown. The evidence of his wife and father-in-law indicates an injury to the head also, as they testify to finding a fair sized bunch upon his head. A physician called on the next day found him seriously injured. He "had lost his speech more or less, he had more or less paralysis of the upper and lower extremities and the vision of one eye was impaired and he was complaining of being dizzy, faint and sick to his stomach. He seemed to have a hemorrhage there in the brain." After a few days treatment this physician advised that he be sent to a hospital. That was done and claimant is now in a State hospital and has practically lost his mind. After paying compensation for forty-four weeks the employer ceased payment upon the ground that his condition was not due to the injury; a deputy commissioner so found and disallowed further compensation. Subsequently the decision was reversed and hearings had where further evidence was produced and heard. The contest was largely waged upon medical testimony. The question was as to whether the injury produced his condition or whether it was paresis caused by syphilis. Upon the disputed question of fact the Board found the claimant's condition was due to the injury, and made an award covering the period from June 7, 1918, to May 22, 1922, which was continued to October 27, 1922, and the case continued for further hearings. This totals $3,435. From this award this appeal was taken. The objections are two: *First.* That the finding is defective upon the ground

that the State Industrial Board did not find that the disability was permanent, and that such award makes the carrier liable for more and greater compensation than is provided for temporary disability which is fixed under section 15 of the Workmen's Compensation Law at $3,500.

*Second.* That the Board having once dismissed the claim lost jurisdiction to reopen it and make an award.

The award made and appealed from is in addition to the forty-four weeks paid under agreement between the employer and employee. The second objection has been decided adversely to appellant's contention. (*Cohen* v. *Ashford Plumbing Co.*, 203 App. Div. 261; affd. 235 N. Y. 576.) In *Brezzenski* v. *Crenshaw Engineering Co.* (188 App. Div. 511) it was intimated that the court could not approve loose or defective findings. With the exception found in section 20 of the Workmen's Compensation Law (as amd. by Laws of 1919, chap. 629),* procedure should conform substantially to the rules and provisions of the Civil Practice Act, so far as applicable. There is a vast difference between "total permanent disability" (Workmen's Compensation Law, § 15, subd. 1, as amd. by Laws of 1917, chap. 705)† and "temporary total disability" (Id. § 15, subd. 2, as amd. by Laws of 1917, chap. 705).† This finding is such as should have been based upon permanent total disability. It is not so found; neither is it found that only temporary total disability existed. In the latter compensation terminates when $3,500 has been paid; in the former it goes on to the end of the life of the injured party.

The award should be reversed and the case remitted to the State Industrial Board for further action as indicated above.

H. T. KELLOGG, Acting P. J., VAN KIRK, HINMAN and HASBROUCK, JJ., concur.

Award reversed and matter remitted to the State Industrial Board for further action in accordance with opinion, with costs against the State Industrial Board.

---

* Now Workmen's Compensation Law of 1922. § 20.— [REP.

† Now Workmen's Compensation Law of 1922, § 15, subds. 1, 2, respectively.— [REP.