STANDARD OIL CO. OF INDIANA v. BUCHANAN
(No. 1556; November 21, 1928; 271 Pac. 876)

*R. R. Rose,* for the motion.

374

*Hagens and Murane, contra.*

BLUME, Chief Justice.

This is a proceeding under the Workmen's Compensation Law, in which the court allowed to Syd Buchanan, an employee of the Standard Oil Company of Indiana, the sum of $1,200 as compensation for the loss of his left leg below the knee. Final judgment was entered herein on June 6, 1928. From this judgment the company has brought proceedings in error. The trial court extended the time within which to bring these proceedings, as it was authorized to do under Section 4328, Wyo. C. S. 1920. A motion for a new trial was filed on July 19, 1928, and was overruled on the same date. A bill of

exceptions was presented to the trial judge and allowed on August 28, 1928. This bill contains the motion for a new trial above mentioned.

The petition in error filed herein complains of the overruling of the motion for a new trial; of the fact that the judgment of the court is not sustained by sufficient evidence; and of other matters, all of which occurred during the trial of the case. If this were an ordinary civil case, accordingly, a motion for a new trial would have been required to be filed within ten days after the making of the final order, in accordance with Rule 13 of this court, and as held in Schmidt v. First National Bank, 29 Wyo. 260, 212 Pac. 651; W. Sheep Company v. Pine Dome Oil Co., 32 Wyo. 61, 228 Pac. 799, and other cases. Counsel for the employe insists that this rule applies to cases involving a workman's compensation, and has, therefore, filed a motion to dismiss this case. The motion is resisted, counsel for the employer claiming that the rule does not apply to cases like this.

It is held in the case of Union Sanitary Mfg. Co. v. Davis, 63 Ind. 548, 114 N. W. 872, that no such motion for a new trial is contemplated by the Workmen's Compensation Act in that state. It may, however, be noticed in examining the case that the statutes of Indiana provide for a review by the industrial board, which hears compensation cases, within seven days from the date of the award, and it would seem that the application for such review substantially takes the place of a motion for a new trial in other cases. See also Corvi v. J. R. Crowe Coal & Mining Co., 119 Kans. 244, 237 Pac. 1056. No such application for review is provided for under the laws of this state, except in the case of the State Treasurer, who, according to Section 7, Ch. 111, Session Laws of 1927, is authorized to file a petition for re-opening the award made within thirty days after the date thereof; and by the same law he is given the right to appeal to the Su-

preme Court from any award made, either subsequent to the petition above mentioned or without reference to it. It may be that a motion for a new trial need not be filed in order to appeal to this court from an order made pursuant to such petition to re-open. But it is unnecessary to decide that point, inasmuch as that law is not applicable in other cases. The law applicable in this case is Section 4328, Wyo. C. S. 1920, amended by Section 2, Ch. 124, Session Laws 1925, which provides as follows:

"Any order given and made in any investigation or hearing by a Court or Judge pursuant to the provisions of this Chapter shall be reviewable by the State Supreme Court on proceedings in error *in the manner prescribed by the code of civil procedure;* provided, however, that the petition in error, bill of exceptions and record on appeal must be filed in the Supreme Court within thirty days from the date of decision or order on motion for new trial by a Court or Judge, unless the time be extended by order of Court or Judge," etc.

This is the only Section in the Workmen's Compensation Act which has any application in the case at bar, and under its express provisions the code of civil procedure applies to appeals taken in cases within its scope, except as the act itself makes provisions to the contrary. The section quoted seems to contemplate that a motion for a new trial may be filed, and that if filed, the time for appellate proceedings shall commence to run from the date of the decision on such motion. It would seem to be clear that the motion mentioned in the foregoing Section of the statute is the motion for a new trial provided for in the code of civil procedure, namely, the motion required to be filed within ten days from the time of the making of the final order. If this were not so, an unlimited time would be given in which to institute appellate proceedings; and that is clearly contrary to the general intendment of the Workmen's Compensation Act,

which contemplates speedy adjustment of claims under it. There is nothing in the statute which indicates that the filing of a motion for a new trial is permissive only. On the contrary, the fact that proceedings in error are prescribed to be taken in the same manner as provided in the code of civil procedure seems to clearly indicate that proceedings in error in workmen's compensation cases are on the same footing, so far as motions for a new trial are concerned, as proceedings in error in civil cases. Other courts have held that when the workmen's compensation law does not specifically provide what procedure shall be followed, the rules and provisions prescribed by the code of civil procedure should be followed. Weighton v. Austin Co., 205 App. Div. 159, 220 N. Y. S. 678; Brewerton Coal Co. v. Industrial Commission, 324 Ill. 89, 154 N. E. 412; Maryland Casualty Co. v. Industrial Comm., (Ariz.) 266 Pac. 11. Thus it is said in the Brewerton Coal Company case:

"Whenever any questions of practice or procedure in compensation cases have arisen, this court has held that the established rules of legal procedure in courts of law, so far as the same are applicable, are to be followed."

And in the Maryland Casualty Company case, the court said:

"A proceeding on a writ of review from an award of the industrial commission is in effect an appeal from the decision of said commission, and except when otherwise provided by statute or the rules of this court, should be governed by the same principles as appeals from the superior court."

In the case of Mullen v. Mitchell, 81 Okla. 201, 197 Pac. 171; Blanlot v. Carbon Coal Co., 76 Okla. 16, 183 Pac. 880, the court applied the same rules in connection with filing briefs in workmen's compensation cases as were applied in civil cases. If we should hold that no motion for a

new trial is ever necessary, in workmen's compensation cases, when the proceeding in this court is by petition in error, we should also be forced to hold that no notice of appeal would be necessary in direct appeals. And we are not prepared to so hold. There is nothing in the statute indicating that such was the intention of the legislature, and it would seem to be clear that in view of the provisions of Section 4328, supra, we are forced to hold that, except as otherwise provided by statute, the rules of procedure on appeal governing in ordinary civil cases should be applied in cases under the workmen's compensation act. To hold otherwise would seem to lead to judicial legislation. It follows, accordingly, that inasmuch as the motion for a new trial was filed long after the time provided therefor by the statute, it must be considered as not having been filed at all, and that inasmuch as one was necessary, in view of the assignments of error herein, the motion to dismiss the proceeding in error must be sustained.

Counsel for defendant in error ask that the penalties provided by Section 6372, Wyo. C. S. 1920, should be assessed because this court would not be justified in certifying that there was reasonable cause for the proceeding in error herein. Such penalty has never heretofore been asked in connection with a motion to dismiss, and it has never been the practice to certify the existence or non-existence of reasonable cause upon the dismissal of a case, evidently upon the theory that Section 6372, supra, did not apply. We need not definitely decide whether it does or not, though we are at present inclined to think that it does not, nor have we considered the point, since it has not been presented, what effect the request for such penalty has upon the consideration of the main case. We find no justification for the assessment of a penalty in the present case. The mere fact that we disagree with counsel for the plaintiff in error furnishes no such justi-

fication. Section 6372, supra, was not intended to act as a threat against appeals to this court, and certainly not against appeals which involve a point, as is true here, which has never been previously decided by this court. And in the instant case, we cannot refrain from further bearing in mind that the state 'is, to some extent at least, interested in cases of this kind.

*Motion to Dismiss Sustained.*

KIMBALL and RINER, JJ., concur.