## SHAUL v. COLORADO FUEL & IRON COMPANY

(No. 1837; November 14, 1933; 26 Pac. (2d) 639)

For claimant's motion to dismiss there was a brief by *Ray E. Lee,* Attorney General, *O. O. Natwick,* Deputy Attorney General, and *W. C. Snow,* Assistant Attorney General of Cheyenne, Wyoming, and oral argument by *Mr. Lee.*

For the employer and appellant, there was a brief resisting motion to dismiss, and oral argument by *William E. Mullen*, of Cheyenne, Wyoming.

RINER, Justice.

This is a case arising under the Workmen's Compensation Laws of this State, and the respondent, through the Attorney General, has filed a motion to dismiss the direct appeal proceeding instituted by appellant, to review an order of award made by the District Court of Platte County in favor of respondent, claimant below.

The motion to dismiss is grounded upon the conceded facts that the record on appeal was filed in this court on August 3, 1933, and that the abstract of record and brief of appellant were not served upon the respondent or filed here until August 19, 1933.

The statute dealing with the point raised is that part of section 124-114, Wyo. Rev. St. 1931, reading:

"Any order given and made in any investigation or hearing by a court or judge pursuant to the provisions of this chapter, shall be reviewable by the state supreme court on proceedings in error in the manner prescribed by the code of civil procedure; provided, however, that the petition in error, bill of exceptions and record on appeal must be filed in the supreme court within seventy (70) days from

the date of decision or order on motion for new trial by a court or judge, unless the time be extended. by order of court or judge; and fifteen (15) days shall be allowed plaintiff in error thereafter for filing brief, and fifteen (15) days thereafter shall be allowed defendant in error for filing brief, and said appeal shall be advanced on the calendar and disposed of as promptly as possible."

The contention is made for respondent that the fifteen day period allowed by law to the appellant for filing its brief and abstract of the record commenced to run from the date of filing the record here and, consequently, appellant was one day late in these filings. Appellant, however, insists that the aforesaid period fixed by the statute for the filing of brief and abstract did not commence until after the expiration of the seventy days allowed for filing the record in this court and, inasmuch as that time did not lapse until the 4th of August, 1933, its brief and abstract were properly filed on the 19th.

It is plain from an inspection of the language of the statute, as quoted above, that in the use of the word "thereafter," the law is ambiguous and either contention of the parties might, within its terms, be properly upheld. For that reason, we must decline to sustain the motion to dismiss in this instance—the first time the point has been drawn to our attention. We do not feel that any litigant should be penalized relative to a non-jurisdictional matter and lose his right to a hearing on the merits of his case when the law regulating the procedure to be followed is so uncertain. We do, however, propose to remedy the matter for the future so that parties litigant may not be thus hereafter troubled.

In ordinary civil and criminal cases brought here by direct appeal, our Rule 15 provides that the time for filing appellant's brief is "within sixty days af-

ter the filing in this court of the record on appeal."
It may be mentioned, also, that the practice, under
the statute quoted above, before its amendment by
sec. 59 of ch. 73, Laws of Wyo. 1931, seems to have
been generally, to file all briefs within thirty days
after the record on appeal was filed in this court,
thus harmonizing the procedure with that pre-
scribed by Rule 15, aforesaid. That the time for
filing appellant's brief and abstract, under the pres-
ent law, should run from the date of filing the rec-
ord on appeal in this court, we entertain little doubt,
when it is recalled that, as repeatedly pointed out
in our previous decisions, it is the purpose of the
Workmen's Compensation Act to obtain as speedy a
disposition by the courts of all questions arising
therein under it, as is reasonably possible. See
Martini v. Kemmerer Coal Co., 38 Wyo. 172, 265 P.
707; Standard Oil Co. of Indiana v. Buchanan, 39
Wyo. 372, 271 P. 876; Lion Coal Co. v. Contas, 42
Wyo. 94, 291 P. 314.

Additionally, it may be noted that the statute
says nothing whatever about the service of briefs, a
matter which should not be left in doubt.

Accordingly, we have adopted, to take affect as
of January 1st, 1934, the following rule of which,
parties and counsel in Workmen's Compensation
cases will hereafter be expected to take cognizance:

"In workmen's compensation cases brought to
this court by proceedings in error or direct appeal,
the plaintiff in error, within fifteen days after the
filing of the petition in error, and the appellant,
within fifteen days after the filing of the record on
appeal, in this court, shall file with the clerk four
copies of his brief, and shall also within that period
serve upon or mail to the opposite party or his at-
torney of record, and, unless it be the Attorney
General's brief, also serve upon or mail to the At-
torney General, one other copy of such brief; with-

in fifteen days after the expiration of said fifteen days, the defendant in error or the respondent, shall file with the clerk four copies of his brief, and shall also within that period serve upon or mail to the opposite party or his attorney of record one other copy of such brief. Immediately upon receipt of a record on appeal, the clerk shall by letter notify the appellant or his attorney of record, and also the Attorney General, of that fact."

An order will be entered allowing respondent fifteen days from this date within which to file his answering brief on the merits.

*Motion to dismiss denied.*

KIMBALL, C. J., and BLUME, J., concur.