In the Matter of the Claim of OSCAR HINZ, Appellant, against UNITED DRY DOCK, INC., and STATE INSURANCE FUND, Respondents. STATE INDUSTRIAL BOARD, Respondent.— Appeal from a decision denying an award for disability on account of occupational disease. The claimant was employed in a place where work was done upon brasses and other metals, of which zinc was a component part, and contends that he became disabled, and suffered from zinc poisoning. There is medical evidence that would support the finding of the Board that the claimant was not suffering from a disease which was due or related to the nature of his employment. Decision unanimously affirmed. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

In the Matter of the Claim of HELEN NESOFSKY, Respondent, against JACOB RAGOROTSKY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by employer and insurance carrier from award of death benefits in favor of the minor children of Abraham Nesofsky, deceased employee, made by the State Industrial Board under the Workmen's Compensation Law. Nesofsky was employed as a tailor. On a Sunday morning he was instructed by his foreman to see a fellow-employee who was sick and find out when she would return to work. He had on previous occasions, under instructions from his employer, called upon the same fellow-employee to ascertain her condition. That Sunday evening after making the call and while leaving the residence of the fellow-employee he fell down stairs and died of the injuries thus sustained. The Industrial Board has found that these injuries arose out of and in the course of his employment and that he sustained them while acting in the interest of his employer and in the furtherance of his employer's business. Award affirmed, with costs to the State Industrial Board. Hill, P. J., Bliss and Heffernan, JJ., concur; Rhodes and McNamee, JJ., dissent, and vote to reverse the award and to dismiss the claim.

In the Matter of the Claim of FANNIE LURYE, Appellant, against STERN BROTHERS DEPARTMENT STORE and Another, Respondents. STATE INDUSTRIAL BOARD, Respondent.— Appeal by claimant from a decision of the State Industrial Board disallowing claim on the ground that she did not sustain an accidental injury within the meaning of the Workmen's Compensation Law. Claimant was employed as a saleslady by the employer. At two P. M., while she was very busy and " terribly perspired," a floorwalker turned on an electric fan which was in the ceiling over the place where she was working, whereby she " got a dreadful chill," but remained at work until three-thirty P. M., the chills continuing until she arrived home. The next morning when she awoke her face was paralyzed. The Board found that she did not sustain an accidental injury within the meaning of the Workmen's Compensation Law, and did not find that her disability was the result of exposure through any special hazard of her employment. (See *Matter of Brezzenski* v. *Crenshaw Engineering Co.*, 188 App. Div. 511.) There was evidence to justify the Board in concluding that the inception of the disability was not assignable to a determinate or single act identified in time or space and that it was not assignable to something catastrophic or extraordinary. (*Matter of Lerner* v. *Rump Brothers*, 241 N. Y. 153.) Decision unanimously affirmed. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.