# HARVEY v. STANOLIND OIL & GAS CO.

(No. 2094; December 5, 1938; 84 Pac. (2d) 755)

(Rehearing Denied January 24, 1939)

For the defendant in error, the motion to dismiss was submitted on the brief of *Hagens & Wehrli* of Casper.

For the plaintiff in error in resistance of the motion to dismiss the cause was submitted on the brief of *Fred W. Layman* of Casper.

498

RINER, Justice.

This cause arose under the Workmen's Compensation Law of this State. An order of award for temporary total disability made in the district court of Natrona County in favor of the workman was heretofore reviewed by this court at the instance of the employer (Stanolind Oil and Gas Company v. Harvey, — Wyo. —, 75 P. (2d) 1,) and affirmed. On February 28, 1938, the employee filed another application in the district court aforesaid asking that an additional award be made for permanent total disability from and after May 31, 1937. On this application evidence was received, a hearing was duly had thereon, and an

order entered declining to make such an award. The workman has appealed from this order. A motion to dismiss the proceeding here has been filed by the employer on the ground that the employee failed to comply with Rule 15 of this court, as amended November 14, 1933, relative to the filing and service of briefs in Workmen's Compensation cases. The pertinent portion of the rule reads:

"In workmen's compensation cases brought to this court by proceedings in error or direct appeal, the plaintiff in error, within fifteen days after the filing of the petition in error, and the appellant within fifteen days after the filing of the record on appeal, in this court, shall file with the clerk four copies of his brief, and shall also within that period serve upon or mail to the opposite party or his attorney of record, and, unless it be the Attorney General's brief, also serve upon or mail to the Attorney General, one other copy of such brief; within fifteen days after the expiration of said fifteen days, the defendant in error or the respondent, shall file with the clerk four copies of his brief, and shall also within that period serve upon or mail to the opposite party or his attorney of record one other copy of such brief. Immediately upon receipt of a record on appeal, the clerk shall by letter notify the appellant or his attorney of record, and also the Attorney General, of that fact."

It is conceded that the amended rule was not obeyed by the plaintiff in error in this matter, as his petition in error was filed here July 9, 1938, but his brief was not filed in the Clerk's office of this court until August 1, 1938, service thereof being made on defendant in error on July 30, 1938. The only excuse tendered is, First, that neither he nor his counsel knew of the existence of this amendment and that the failure to file and serve his brief properly was unintentional. Secondly, it is insisted that the amendment to Rule 15 above set forth is inconsistent with Section 124-114 W. R. S., 1931, as amended by Section 5 of Chapter

128, Laws of Wyoming, 1937. Neither of these points aid plaintiff in error in avoiding the consequences of non-compliance with the Rule aforesaid, which are plainly set forth in Rule 21 of this court, which so far as pertinent here provides:

"When the plaintiff in error or party holding the affirmative has failed to file and serve his brief as required by these rules, the defendant in error or party holding the negative may have the cause dismissed."

So far as the first suggestion in behalf of plaintiff in error is concerned, it is completely answered by what was recently said by this court in the case of In re National Building & Loan Association of America, Starley, State Bank Examiner, et al. v. Wilde, State Examiner, 52 Wyo. 195, 72 P. (2d) 1113, and prior decisions of this court there reviewed and reaffirmed.

The second contention above mentioned is, we think, conclusively disposed of by the announcement of this court in Shaul v. Colorado Fuel & Iron Co., 46 Wyo. 348, 26 P. (2d) 639, and the subsequent action of the Wyoming State Legislature presently to be mentioned. The case just referred to was decided November 14, 1933, nearly five years ago. In concluding the opinion therein, the amendment of Rule 15 aforesaid was promulgated, and it was said concerning that amendment that thereafter "parties and counsel in workmen's compensation cases' would "be expected to take cognizance" of it. Since the decision in the Shaul case was rendered there have been no less than three sessions of the Wyoming State Legislature. No alteration of the language of Section 124-114 W. R. S., 1931, in that decision considered, was made at any of these legislative sessions, nor was any statute passed or amended which in any way indicated that the legislative policy of speedy disposition of workmen's compensation cases should be altered or that a different rule than that quoted above should prevail in such cases.

Indeed, as counsel has pointed out, the 1937 session of the law-making body specifically re-enacted the language of Section 124-114 quoted in the opinion filed in the Shaul case. The interpretation generally placed upon a statute and decision thereon presenting such a situation is thus stated in 59 C. J. 1061-1063:

"Where a statute that has been construed by the courts of last resort has been reenacted in same, or substantially the same, terms, the legislature is presumed to have been familiar with its construction, and to have adopted it as a part of the law, unless a contrary intent clearly appears, or a different construction is expressly provided for."

Supporting this text are decisions cited from some thirty or more federal and state jurisdictions, and this court has itself invoked the same rule. See In re Contas: Lion Coal Co. v. Contas, 42 Wyo. 94, 291 Pac. 314.

If counsel do not familiarize themselves with the decisions and rules of this court relative to procedure therein, it is not a surprising thing that they experience difficulty in connection with the filing of records and briefs in cases they bring here. We regret the necessity of commenting on such a matter, but instances of this sort have so repeatedly come to our notice that it may not be overlooked. The only course left open to us is to do as must be done in this case, viz., continue to enforce the rules by imposing the consequences they or our decisions thereunder require. The motion to dismiss the cause must be sustained.

We may say, however, that in the case before us our examination of the record has been such as to enable us to conclude that were an opinion on the merits required, we would in any event be compelled to affirm the judgment below, there being substantial evidence in the record to sustain it.

*Dismissed.*

BLUME, C. J., and KIMBALL, J., concur.

## ON PETITION FOR REHEARING

RINER, Chief Justice.

Plaintiff in error has filed a petition for rehearing in this cause. His counsel urges "if the Supreme Court established a rule requiring the plaintiff to file a brief in less than seventy (70) days plus fifteen (15) days, I contend that such would in effect defeat the will and purpose of the legislature," referring us to the language of the statute, Section 124-114 as amended by Laws of Wyoming, 1937, Chapter 128, Section 5. However, he seems to overlook entirely the ambiguous and uncertain phraseology of this statute, which led the Attorney General of this state in Shaul v. Colorado Fuel & Iron Co., 46 Wyo. 348, 26 P. (2d) 639, to press upon us a dismissal of the cause, a contention which we therein discussed and ruled against inasmuch as the matter was for the first time drawn to our attention. The opinion in that case points out the uncertainty patent in the statute, and assigned some of the reasons why the amendment to our Rule 15, in this cause involved, was promulgated.

It may be additionally suggested that if plaintiff in error's present contention had been then adopted by the court one of the consequences resulting would be that if a cause were filed here on a short record—for example a final judgment on a demurrer—within ten days "thereafter," counsel would have full seventy-five days within which to prepare and file his brief—more than is allowed in an ordinary case where a speedy disposition of the litigation is not specifically enjoined by law, as is the situation prevailing in Workmen's Compensation cases. Moreover, under such a construction, also, where a record was filed here on the last of the seventy days, the statute above referred to, as well as our rule aforesaid, would allow only fifteen days "thereafter" within which to file plaintiff in

error's brief. We hardly think it was the thought of the Legislature to fix any such widely varying periods for filing briefs in Workmen's Compensation cases on the part of the plaintiff in error or appellant.

We do not consider we have done anything more through the adoption of the amended Rule 15 aforesaid, than to clarify and construe uncertain statutory language so that there would be no mistake in the future on the part of litigants. The limits of the power of this Court to "prescribe rules of practice" to facilitate its business are as stated in Section 31-107 W. R. S., 1931, that the rules should not be "inconsistent with the Constitution or laws of this state." Those limits have not been in the least, as we view the matter, transgressed by the amended rule aforesaid.

Counsel cites 15 C. J. 904-905, Section 278, which states: "Only such matters as are not regulated by general or special laws in reference to practice and procedure may be regulated by a rule of court." Where the statute is so uncertain that two interpretations thereof are possible, each leading to quite different results, it seems to us to present a situation that in practical effect is the same as if there was an entire absence of statutory regulation on the point, i. e., no one can tell just what is intended. So, as said by the Supreme Court of California, concerning even jurisdictional procedure, in Ex parte Garner, 179 Cal. 409, 177 P. 162: "In the absence of a provision covering the particular case, or where it is inadequate, no doubt but such constitutional court, by virtue of its inherent power, may itself prescribe appropriate provision for acquiring jurisdiction and adopt the procedure to be followed."

*Rehearing denied.*

KIMBALL and BLUME, JJ., concur.