BOSHART, Respondent, v. NATIONAL BENEFIT
ASSOCIATION, INC., of Mitchell, Appellant

(287 N. W. 599.)

(File No. 8267.   Opinion filed September 8, 1939.)

*Fellows & Fellows,* of Mitchell, for Appellant.

*W. J. Hooper,* of Gregory, for Respondent.

POLLEY, J. This case was here on a former appeal and is reported in 65 S. D. 260, 273 N. W. 7.

The judgment involved on this appeal is in favor of the plaintiff and was entered on the 1st day of February, 1938. On the 16th day of February, 1938, and within twenty days after the entry of the judgment, defendant gave notice of intention to move for a new trial, based on the ground, among others, of newly discovered evidence, and stating that as to the newly discovered evidence the motion would be made upon affidavits. On the 29th day of March, 1938, defendant served his affidavit of newly discovered evidence. Under the provisions of section 2557, R. C. 1919, this affidavit should have been served not later than March 8th, so that the time fixed by section 2557 for the service of this affidavit had expired some twenty days before the same was served. No application for an extension of time nor for the fixing of a new time for filing the affidavit had been made. After the service of this affidavit no further steps of any kind were taken in the matter until the 17th day of January, 1939, when defendant served upon plaintiff an order which reads as follows: "Upon the application of the above named defendant, it is hereby ordered that the defendant's motion for a new trial be heard before the court at Chambers, in the city of Bonesteel, in said Gregory County, South Dakota, on the 23rd day of January, 1939, at 10 o'clock in the forenoon of said day." The motion appears to have been brought on for hearing on the 23rd day of January, 1939, and upon said day the court.

made the following order: "It is hereby ordered, that as to the first ground of said motion, to wit: newly discovered evidence, said motion be and the same is hereby denied." This ruling is based solely upon the ground that said motion, on the ground of newly discovered evidence, was not made within the time limited by section 2557, R. C. 1919, namely: "* * * before the close of the term of this court next succeeding the trial and judgment * * *." From this order and the judgment entered on the 1st day of February, 1938, defendant took an appeal to this court; there were only two or three days left before the expiration of the time within which an appeal could have been taken from the judgment.

Section 2557, R. C. 1919, provides as follows: "* * * a motion for a new trial on the ground of newly discovered evidence may be made at any time before the close of the term next succeeding that at which the trial was had."

The record shows, and it is not disputed by defendant, that the motion for new trial was not made until after the close of the term of court next succeeding the term at which the trial was had, and nearly a year after the service of the affidavit of newly discovered evidence. No extension of time for making the motion had been made nor asked for by the defendant, nor had a new time been fixed or any request made to the court to fix a new time.

The time fixed in section 2557, R. C. 1919, for moving for a new trial on the ground of newly discovered evidence is jurisdictional and when this time was allowed to expire, the court lost all jurisdiction in the case. This must be so. Where the motion for a new trial is made after the time fixed therefor by the statute it must be considered as not having been made at all. Standard Oil Co. of Indiana v. Buchanan, 39 Wyo. 372, 271 P. 876.

In Ogle et al. v. Potter, 24 Mont. 501, 62 P. 920, 921, the Supreme Court of Montana considered the various steps necessary to procure a new trial in the following language: "1. A motion for a new trial is a statutory remedy, and can only be invoked in the manner, within the time, and upon the grounds provided for in the statutes. The moving party must, within 10 days after the verdict or notice of the decision of the court or referee (as the case may be), file with the clerk and serve upon the adverse party his notice of intention, designating the grounds upon which he relies. Code Civ. Proc. § 1173. In the absence of such a notice, or if the

notice fails to set forth one or more of the grounds enumerated in section 1171, the court has no power to act. The notice is the foundation of the proceeding. Arnold v. Sinclair, 12 Mont. 248, 29 P. 1124. If the notice has been properly given, the moving party must prepare, file, and serve his affidavits, if he relies upon affidavits, under the requirements of subdivision 1 of section 1173. If he relies upon a bill of exceptions, and his bill has not already been settled under the provisions of section 1154, he must prepare, serve, and have it settled under subdivision 2 of section 1173. If the motion is to be made upon a statement, the provisions of subdivision 3 of that section must be observed. It is only when these various steps have been taken in proper time that the motion can be entertained; and the rule applies indifferently to law and equity cases, for under our Code the procedure is the same in both." Our statute meticulously sets out the various steps that must be taken to procure a new trial and they must be followed here just as the Montana court says they must be followed there.

And in 46 C. J. page 249, § 262, the proposition is stated generally as follows: "A statutory limitation of the time for making an application for a new trial is usually commandatory and must be strictly complied with."

This case was tried and the appeal taken while the revised code of 1919 was still in force, and the procedure on this appeal is governed by that code. Some changes are made in the 1939 Code. The procedure relating to new trials will be found in Chapter 33.16, SDC 33.1601-33.1611.

We are of the opinion that the trial court was fully warranted in denying appellant's motion for a new trial.

The judgment and order appealed from are affirmed.

All the Judges concur.