WALDO & HUGHES *v.* J. M. BELL. 13 329
51 855
| 51 1281

The first section of the statute of 1855, which provides a summary remedy in favor of the plaintiff in an execution against the Sheriff for a failure to return the writ on or before the return day, was not repealed by the Act passed on the same day, which treats of the duties of Sheriffs, etc., and provides for the protection of any person who sustains damages in consequence of the failure of the officer to return the writ on the return day.

Tho former is a substantial re-enactment of a statute which had been in force for many years and had undergone frequent judicial exposition, which could not have been unknown to the Legislature of 1855 when they were reducing the previous legislation to a more complete system. The latter contains provisions of a more general nature, and affords a remedy to a larger class of persons. They should be so construed as to give effect to both.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J.
George L. *Bright*, for plaintiff and appellant. *Benjamin, Bradford & Finney*, for defendant.

MERRICK, C. J. The plaintiffs being the judgment creditors of *James M. White*, on an intervention in the suit of *Kiefe* v. *White*, caused an execution to issue thereon, directed to the Sheriff of the parish of Orleans, for the sum of $1807 11 and interest and costs, with a privilege on the steamboat S. J. F. Trabue. The *fi. fa.* was dated April 16th, 1856, and made returnable on the first Monday of June thereafter.

The execution not having been returned, the present proceeding was instituted to make the Sheriff responsible for the amount of the execution.

Te proof shows that repeated inquiries were made in the Clerk's office for the *fi. fa.* after the return day, and that it could not be found. Some time afterwards it was discovered in the Clerk's office with the following indorsement thereon, viz :

"Received, the 17th April, and the same day, month and year, I levied the within writ on the steamer S. J. F. Trabue, her tackle, apparel and furniture, and gave the defendant due and legal notice of said seizure, and on the 19th day of April, 1856, the said steamboat, from some cause or accident unknown to the Sheriff, caught fire and was burnt, and the wreck sunk in the river Mississippi, and the same day I levied this writ on the policy of insurance effected on said steamboat, in the Crescent Mutual Insurance Co., by the Sheriff for the sum of twenty-two thousand five hundred dollars, which the said insurance company has failed and refused to pay, from which last mentioned seizure nothing has yet come into the Sheriff's hands, and on the 6th day of June, 1856, the wreck of said steamer was sold for the sum of one hundred and fifty dollars, by virtue of an order of court issued in this case. No other property found after due demand made of the defendant. I have made and retained a copy of the within writ, for the purpose of further proceedings if required, in conformity to law.

Returned, 11th June, 1856.
(Signed) P. F. DEGOUREY, Deputy Sheriff."

The order to sell the wreck of the boat appears to have been made upon a rule taken by *Thomas Kiefe* against the Sheriff, but in the same suit in which the plaintiffs had obtained their judgment on an intervention, and the order for the sale was made, May 2d, 1856. The plaintiffs in their pleadings allege the insolvency of *White*.

42

They claim judgment against *John M. Bell*, late Sheriff of the parish of Orleans. '

1st. Because the Sheriff did not return the execution on or before its return day, nor call upon plaintiffs to point out property, and, 2dly, because the destruction of the steamboat was attributable to the fault and negligence of the defendant.

Much testimony has been taken on the second ground urged by plaintiff, which it will be unnecessary to consider.

The plaintiff claims that the defendant is responsible under the first section of the Act of 1855, 478, No. 337, and the defendant replies that the statute is modified by the Act of the Legislature approved the same day, and found on page 253 of the Acts of the same session, and bearing the No. 199.

The section on which the plaintiffs rely is a substantial re-enactment of the 17th section of the Act of 1826, to amend the Code of Practice. See B. & C. Dig., 435. The second section of the Act of 1855, 478, No. 337, reads as follows, viz : " Be it enacted, that all writs of *fieri facias* issued by the clerks of the several courts, throughout this State shall be made returnable by them in not less than thirty nor more than seventy days. It shall be the duty of each of the Sheriffs of the different parishes in this State, to return all writs directed to them into the Clerk's office from which they issued, on or before the return day mentioned therein, and also to pay over any moneys received thereon to the party entitled to the same, or their attorneys ; and in default of any of the duties imposed on him in this section, he shall become liable to the party entitled to the benefit of the writ for the full amount specified therein, which shall be recovered on motion before the District Court in the parish in which said Sheriff acts and resides, after ten days' notice."

The section of the Act, which it is claimed modifies the preceding, is in these words :

" Be it enacted, etc., that from and after the passage of this Act it shall be the duty of the Sheriffs, Coroners, when acting as Sheriffs, and Constables, to return all writs of *fieri facias* to them, or any of them directed, on the return days named in said writs, and if any Sheriff, Coroner or Constable, shall fail to make due return of such writ, on the return day thereof, such officer and his official sureties shall be held liable to pay to any party damages sustained in consequence of such failure."

The promulgation of one statute before the other, can have no bearing on the construction of these statutes passed the same day. The one did not repeal the other, and we must endeavor to construe them so as to give effect to both. The statute relied upon by plaintiffs' counsel, No. 337, it must be remembered, had been in force for thirty years, and had received a judicial exposition which could not have been unknown to the Legislature of 1855, which had undertaken to reduce the previous legislation to a more complete system. The repealing clause which is annexed to this Act is not found in Act No. 199. It, therefore, seems quite clear that the Legislature intended to continue in force the provisions of Act No. 337, and if either should give way that it should not be this statute.

Without undertaking to expound the Act No. 199, or determine whether it is anything more than a direct recognition of general principles embodied in the Codes, we think its provisions are of a more general nature than Act 337. The latter provides for the protection of the party entitled to the benefit of the writ, and prescribes expressly the duties of Sheriffs towards such party, and provides a summary mode of proceeding against the Sheriff.

No. 199 treats of the duties of Sheriffs, Coroners and Constables, and the liabilities of their sureties, and provides for the protection of any person who sustains damages in consequence of the failure to return the writ, and leaves him to the ordinary action. It may protect the defendant, or subsequent mortgage creditors as well as plaintiff, where there is a balance to be paid over. It may protect purchasers at Sheriff sales, who have an interest that there should be a proper return of their bids, and it is suggested that junior mortgage creditors, who desire a credit entered on an older mortgage, and garnishees may in some cases be interested in the proper returns. Without pretending that the statute will cover all these cases, enough is seen to make it evident that the one statute contains provisions of a more general nature than the other, and according to the settled rules of interpretations, effect must be given to the special statute, and it must be held that the section first above recited is still unrepealed.

If it be applied to this case it is decisive of the controversy. The construction put upon the law cannot be disturbed after this lapse of time, and the number of decisions upon the same. The language used in the case of *Brand & Adams* v. *Wilkinson et al.*, 11 A. 273, is applicable to this case. We there said, "We consider it proved, that the Sheriff did not return the writ in time." *    *    *

"His default being established, the *onus* was on the Sheriff to show a legal excuse. We find none in the record. His return does not show that he called upon the plaintiffs to point out property. The case is quite analogous to that of *Gasquet* v. *Robins*, 2 A. 410, where the Sheriff was held liable. There it was also held, that the alleged insolvency would not excuse the Sheriff from making the call upon the plaintiff to point out property as required. C. P. 726, 727. The object of the law is to inforce the observance of diligence by public officers. See also *Webb* v. *Kemp*, 2 A. 370 ; *Magee* v. *Robins*, 2 A. 411 ; *Day* v. *Boyce*, 3 A. 623 ; *Lynch* v. *Leckie*, 9 A. 508."

In addition to the above authority, which is conclusive, we will add the more recent case of *Hill* v. *Labarre*, 12 A., 420.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and it is now ordered, adjudged and decreed by the court, that said *Waldo & Hughes* do have and recover judgment against the said *John M. Bell* for the sum of fourteen hundred and forty-two dollars and sixty-nine cents, with legal interest from the 29th day of March, 1856, and the further sum of three hundred and sixty-four dollars and forty-two cents with legal interest from April 15th, 1856, and the further sum of one hundred and forty-two dollars and nineteen cents, costs recovered by *Waldo & Hughes* v. *James M. White*, on the intervention in the case of *Thomas Kiefe* v. said *White*, and that said *Bell* be subrogated to the said judgment of the plaintiffs against said *White* upon the payment of said sums, and it is further ordered, that the defendant pay the costs of this suit in both courts.

SPOFFORD, J., took no part in the decision of this cause.