T. W. WRIGHT & Co. *v.* JAMES S. BRANDER, SR., et al.

An appellant may be relieved when he has been prevented by circumstances beyond his control from obtaining and filing the transcript of appeal, although the clerk's certificate has been delivered to the appellee.

The absence of counsel furnishes no cause for excuse for not complying with the forms of the law.

APPEAL from the Fourth District Court of New Orleans, *Théard,* J. *Miles Taylor* for plaintiffs and appellants.

ILSLEY, J. The plaintiffs in this suit took a rule in this court on the defendants, to show cause why they should not bring up hereto, from the Fourth District court of New Orleans, the transcript of appeal in the suit therein pending, and have the said transcript filed in the said appellate court, to be proceeded in due course of law.

The grounds upon which the motion rested, briefly stated, are the following, duly sworn to :

1. That a suspensive appeal was granted them in said suit, returnable to this court on the fourth Monday of June, 1864, and that bond, with sufficient legal security, was duly filed in said District court.

2. That, on the 19th May, 1864, James L. Brander, senior, took a rule in said District court on the appellants, to show cause why the said appeal should not be set aside ; which rule was, although twice set for trial, never disposed of.

3. That no transcript of appeal was ever made out by the clerk of the said District court.

4. That this court was duly organized, for the transaction of business, about the 3d April, 1865.

5. That there was no judge for, nor was any business transacted in, said District court during the intermediate time, when the appeal was granted and the Supreme Court was organized.

6. That R. King Cutler, Esq., the counsel of plaintiffs (their only counsel in said case), left the State on 26th November, 1864, on public business, and did not return to it until 6th May, 1865.

7. That, on 29th April, 1865, James S. Brander, Sr., obtained from the clerk of this court a certificate that no transcript of appeal had been filed in said case, and filed the same in the Fourth District Court, on the 29th April, 1865, and thereupon issued execution thereon, as if no appeal had been taken therein.

8. That T. W. Wright & Co. had no knowledge or information that the said transcript of appeal had not been filed in this court, until the sheriff, by virtue of the execution issued on said judgment, on the return into the District court of the non-filing of the transcript within the legal delay.

9. That they did not intend to abandon, but to prosecute said appeal in this court, and that they have, as they believe, done everything required of them for the attainment of that object.

WRIGHT
v.
BRANDER

To this rule James S. Brander, Sr., answered, denying the plaintiffs' right to an appeal in the above suit.

He avers that more than three judicial days had elapsed since the return day of the appeal to this court, before the certificate of the court was obtained and filed in the lower court, and the *fi. fa.* issued thereon.

He further says, that the motion taken by him in the District court, to dismiss the plaintiffs' appeal, was indefinitely postponed, and, consequently, waived by the mover thereof; that, if the appeal was not brought up, or transcript made out, it was owing to the fault, neglect and omission of the plaintiffs, and that they cannot avail themselves of their own wrong; that J. W. Thomas, Esq., was one of their counsel, residing in New Orleans, and the absence of the other counsel last winter did not excuse their neglect. He denied all the other allegations in the rule, and prayed that it be rejected at their costs.

The rule which Brander had taken in the District court to dismiss the appeal was waived, as it was not tried before the return day of appeal. It was held, in *Kirkland* v. *His Creditors*, 8 N. S. 597; *McDowell* v. *Read*, 5 A. 42, and *French* and *Stark, Receiver*, v. *Charles Harrod*, 9 A. 21, that an appellant may be relieved where he has been prevented by circumstances beyond his control from obtaining and filing the transcript of appeal, although the clerk's certificate had been delivered to the appellee.

The appellants have not shown satisfactorily that they were prevented by circumstances beyond their control from procuring and filing in this court their transcript of appeal, within the delay prescribed by law; at all events, from moving within three judicial days after the extended return day for all appeals, for an extension of time to bring up their appeal.

The appellants reside in New Orleans, where it is a matter of notoriety this court has been in session since the 3d of April last.

As suitors, prosecuting an appeal in this court, the appellants are certainly presumed to have known that this court was organized and had commenced its sessions; but they contend that their sole counsel, to whom they had entrusted this case, was absent from New Orleans, in Congress, attending to his duties as Senator from this State. They must have known this, as it was a fact generally known to the community. They had ample time to procure other counsel; or they might themselves have done what was necessary to save their appeal, which required no professional skill.

The absence of their counsel furnishes no cause for excuse.

He was not, as is historically known, admitted to a seat in the United States Senate; and, in any event, the regular session of that body was terminated on the 3d March, giving the counsel ample time to resume his professional practice here.

But this is immaterial to the present enquiry, as we are satisfied that the appellants have not used the means they had to bring up their appeal, and have not shown ordinary diligence.

It is therefore ordered, adjudged and decreed, that the rule taken by the appellants be dismissed, at the costs of the appellants.