M. R. Marks, Appellant, vs. C. A. Boone, Appellee.

1. An order made in term allowing "sixty days additional time" for settling a bill of exceptions, gives sixty days after the adjournment of the term.

2. Where the holder of a promissory note and an endorser entitled to notice of its dishonor by the maker reside in the same place, the holder has until the expiration of the day following that of its dishonor to give the notice.

3. The rule laid down in Sanderson's Adm'rs vs. Sanderson, 20 Fla., 292, as to notice when the parties reside in different places, and there is a mail on the day following the day of dishonor by the maker, approved.

4. The burden of proving that the notice was duly given is on the plaintiff and he must show distinctly that it was given in the time required by law. Proof of the habitual promptness of the holder and his attorney in giving notice in such cases, and of the fact that the former put the note in the latter's hands for collection "in two or three days, or less time," after its dishonor, is not sufficient to fix the time at which notice was given in a particular case and the liability of the endorser.

5. The charge of a judge as to the time within which notice of dishonor should be given to an endorser of a promissory note, should state definitely the time allowed by the law, and should not leave it to the jury to determine what is prompt notice or reasonable diligence in giving notice under the circumstances of the case.

6. When the testimony does not support the verdict a new trial will be granted.

Appeal from the Circuit Court for Orange county.

The facts of the case are stated in the opinion.

*E. R. Gunby*, for Appellant.

*J. H. Allen*, for Appellee.

MR. JUSTICE RANEY delivered the opinion of the court:

I. The court by an order made in term, granted appellant "sixty days additional time" for settling the bill of exceptions. This is we think to be construed as meaning sixty days in addition to the time allowed by the practice in the absence of an order extending the time, or, in other words, sixty days after the adjournment of the term in which the order was made. Com. Law. Rule 97. The bill of exceptions was under the above construction settled in due time, and hence we have denied the motion to strike it from the transcript.

II. The appellant is sued as endorser of a promissory note, by appellee who obtained it from appellant's endorsee. The verdict is for appellee.

The testimony upon the point of notice to appellant of dishonor by the maker is as follows : Appellee testified that he became the owner of the note by purchase from Hyer, who endorsed it to him without recourse. That at or about the time of its maturity he saw Randolph, the maker of the note, and asked him what he was going to do about it, and the maker shook his head and walked away. That he is not positive whether this was before or afrer the maturity of the note but thinks it was immediately after, as he would not be likely to present a note for payment before it was due. That he did not give appellant any written notice of the dishonor of the note, but had several conversations with him about it, some before and some after it became due; that he could not swear as to just when he notified appellant that it had not been paid, but as he, witness, was in the habit in his business of promptly giving such notices he felt sure that he must have notified appellant. That he then put the note in his attorney's hands for

collection, in two or three days after its dishonor or less than that time.

The testimony of James D. Beggs, witness for plaintiff, is that he was the attorney for plaintiff, who brought the note in question to him for collection. That he, Beggs, had, at the time of testifying, no positive recollection of giving the defendant any notice at all, except that in his business he usually upon receipt of a note for collection, at once wrote to the party to come up and pay, and if he sent defendant any notice, it was such a one.

When the holder of the note and the party entitled to notice reside in the same place, the holder has until the expiration of the day following that of its dishonor to give the notice. Daniel on Nego. Instrs., Sec. 1038. The rule laid down in Sanderson's Admrs. vs. Sanderson, 20 Fla., 292, is that where the endorser of a promissory note resides in a different place from the point at which it is payable, notice of the default of the maker must be deposited in the post-office in time to be sent by the mail of the day succeeding the day of the dishonor of the note, provided the mail of that day be not closed at an unusually early hour, or before early and convenient business hours, in which case it must be sent by the next mail thereafter. And where the notice is not mailed until the second day after the dishonor of the note, and no circumstance which would extend the time is shown, it is not sufficient to bind the endorser.

The burden of proving that notice was duly given is on the plaintiff, and he must show distinctly that it was given on the proper day, or within the time required by law. Daniel on N. I., Secs. 1050, 1051. The proof must not rest on mere inference or light presumption, but must be of a stronger and more affirmative character. Whitaker vs. Morrison, 1 Fla., 25.

In view of what the appellee says as to conversations with

the appellant, the only legitimate presumption to be drawn as to their residence is, that they resided in the same place. Assuming that they did reside in the same place, it is clear that the testimony does not establish that notice was given the endorser before the expiration of the day following the maker's dishonor of the note. Proof of his and of his attorney's habitual promptness in such cases is not sufficient to fix the time at which notice was given, and, consequently, liability upon an endorser in a particular case. Whitaker vs. Morrison, *supra*. The fact that plaintiff put the note in his attorney's hands for collection in two or three days, or less time, after its dishonor by the maker, and that this was after the conversation with defendant, does not establish that the conversation was not on the third day.

The testimony does not support the verdict, and for this reason a new trial should have been granted.

In view of the evidence adduced on the subject of notice to appellant, and what we have said above as to the law, we think it unnecessary to discuss either the charge given to the jury, or the instruction asked by the appellant, but refused by the Judge. We will however remark of the charge given that it contains no declaration of what time the law allowed appellee for giving appellant notice of the maker's default, but seems to have left it to the jury to determine what was "prompt" notice or "reasonable diligence" in giving it; and we will say as to the instruction refused, that where the facts are that the parties reside in different places, and there is a mail on the day following the day of the dishonor of the note by the maker, the law, as to such a case is, we think, properly laid down in Sanderson's Admrs. vs. Sanderson, *supra*, but as intimated above, we have found nothing in the record indicating that plaintiff and defendant did not reside in the same place.

The judgment is reversed and a new trial granted.