SARAH TROTTER, RESPONDENT, *v.* T. H. KLEIN-
SCHMIDT, EXECUTOR, ETC., APPELLANT.

[Submitted Sept. 26, 1898. Decided Nov. 14, 1898.]

*Appeal—Transcript—Time of Filing—Excuse for Delay.*

That appellant was out of the state, his postoffice address being unknown to his family
or counsel; that he had failed to furnish his counsel with necessary funds to procure
a transcript; that he was not advised prior to his departure as to when the appeal
was required to be taken; that his counsel was not advised of his intended depart-
ure; *held* not sufficient excuse for failure to file the transcript within the statutory
time.

*Appeal from District Court, Lewis and Clarke County.*

PETITION by Sarah Trotter against T. H. Kleinschmidt, ex-
ecutor. From a judgment for plaintiff, and an order denying
a new trial, the defendant appeals. Appeal dismissed.

*Ashburn K. Barbour,* for Appellant.

*T. J. Walsh,* for Respondent.

PER CURIAM.—The record in this case shows that the de-
fendant, as executor of the estate of J. M. D. Greene, after
probate of the will of said Greene, on the 27th day of January,
1896, filed his inventory, showing the receipt of $2,136.
Thereafter the respondent filed her petition in the district
court, asking for an order requiring the executor to file an
additional inventory, including an amount of $3,947.70, which
the respondent claimed the defendant had in his possession,
and which it is alleged belonged to the estate. To this peti-
tion the defendant filed an answer, denying that the said last-
named sum was the money of the estate, but claiming it as a
gift from the deceased Greene. A trial was had upon the is-
sues thus joined in the district court, and an order and decree
was made requiring defendant to file an additional inventory
as prayed for, including said amount of $3,947.70. This de-
cree was rendered on November 3, 1897. On the 5th day of

March, 1898, the district court made an order denying the motion of the defendant for a new trial. On April 8, 1898, the defendant filed his notice of an appeal from the judgment, order and decree aforesaid to this court. No undertaking has ever been given in the case. On June 8th, no præcipe for a transcript of the case had been filed with the clerk of the district court, nor had a transcript been requested of or prepared by the clerk of said district court.

On that day the respondent filed her motion to dismiss the appeal for the reasons—First, ''that more than sixty days have elapsed since the appeal herein was taken, and no transcript or record on appeal has been filed with the clerk of this court, as required by its rules;'' second, ''no undertaking on appeal has ever been made or filed herein;'' third, ''no appeal lies from the judgment and decree from which the appeal was taken;'' fourth, ''no notice of the appeal was ever served on either Willma Christena Trotter or James K. Smith, adverse parties.'' June 18th, thereafter, counsel for the appellant filed in this court an affidavit by which he seeks to excuse the *laches* of the appellant in failing to file a transcript of the case, as required by the rules of this court. This affidavit is to the effect that, at the date of filing of the notice of appeal in this case, the appellant was out of the state; that his whereabouts were unknown to counsel; that he was unable to ascertain his postoffice address; that the family of the appellant were unable to furnish the address of the appellant, further than that he was somewhere in the state of Idaho; that the appellant had failed to provide his counsel with the necessary funds to pay for and procure the transcript in the case; that the appellant was not advised as to when said appeal was required to be taken prior to his departure from the state; and that his counsel was not advised that the appellant anticipated going away so suddenly. The transcript was filed on the 25th day of August, although certified to by the clerk on the 4th day of that month.

This is the entire substance of the affidavit going to excuse the negligence of the appellant in preparing his transcript in

this case.  We are of the opinion that the affidavit discloses no excuse, or pretense of an excuse, for the negligence of the appellant in preparing and filing in this court the transcript on appeal in the case.  To excuse his negligence would be to say virtually that there could be no negligence which might not be excused by the court, and thereby render nugatory the statutes and rules governing appeals in this state.  There is no pretense that the appellant did not know what the law and rules of court required him to do if he wished to prosecute an appeal to this court.  The appellant, as far as there is any showing, seems to have absolutely ignored both statute and rules, and left the state without taking any steps whatever to prosecute his appeal.  There is no excuse for such negligence.

Holding, as we do, that the negligence in failing to file the transcript in this case has not been excused or explained, it becomes unnecessary to treat the other reasons assigned for dismissing this appeal.  The motion to dismiss the appeal is sustained, and the appeal is dismissed.

*Dismissed.*