## McCutcheon v. State of Indiana.

[No. 11,732. Filed June 20, 1923. Petition to reinstate denied June 27, 1924.]

1. CRIMINAL LAW.—*Juvenile Court.—Change of Venue to Criminal Court.—Appeal to Appellate Court.—Statute.*—Cases originating in the juvenile court of a county having a criminal court, transferred to the latter on a change of venue, must be appealed to the Appellate Court under §1635 Burns 1914, Acts 1907 p. 221, and not to the Supreme Court.   p. 624.

2. CRIMINAL LAW.—*Juvenile Court.—Change of Venue to Criminal Court.—Appeal to Appellate Court.—Filing Transcript.—Limitation of Time.—Statute.*—Section 1635 Burns 1914, Acts 1907 p. 221, regulating appeals from the juvenile court, provides that "the party appealing shall file a transcript in the office of the clerk of the Supreme Court within 30 days from the rendition of the judgment appealed from", and it applies to appeals from the criminal court when sitting as the juvenile court on a change of venue from the latter; consequently, when the transcript is not filed until seventy days thereafter, the Appellate Court does not have jurisdiction.   p. 624.

From Marion Criminal Court sitting as the Marion Juvenile Court (52,010) ; *James A. Collins,* Judge.

Charles McCutcheon was convicted of contributing to the delinquency of a girl under the age of 18 years, and he appeals. *Appeal dismissed.*

*Robbins, Weyl & Jewett,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

BATMAN, J.—Appellant was tried and convicted in the Marion Criminal Court on a charge of contributing to the delinquency of a girl under the age of eighteen years, which was originally filed in the Marion Juvenile Court, and transferred to said former court on an application by appellant for a change of venue. His motion for a new trial was overruled on May 16, 1921, and thereupon he prayed an appeal to the Supreme

Court, and was given time in which to file a bill of exceptions. Afterwards, on August 11, 1921, he filed a transcript and an assignment of errors in the Supreme Court, from which it was transferred to this court for want of jurisdiction.

While this appeal was pending in the Supreme Court, the parties filed their respective briefs on the question as to which court of appeal had jurisdiction of

1, 2. the class of cases to which this appeal belongs, viz.: those cases originating in the Juvenile Court of a county having a criminal court, where the judgment is rendered in the latter court on a change of venue, pursuant to §1648 Burns 1914, Acts 1905 p. 440. The act of the Supreme Court in ordering the cause transferred to this court must be accepted as a determination that appeals in the class of cases mentioned are governed by §1635 Burns 1914, Acts 1907 p. 221. *Logansport Credit Exchange* v. *Sands* (1913), 54 Ind. App. 562; *Mikels* v. *Citizens' Nat. Bank* (1922), 79 Ind. App. 165. This section, which relates to appeals to this court only, provides that in appeals thereunder: "the party appealing shall file a transcript in the office of the clerk of the Supreme Court within thirty (30) days from the rendition of the judgment appealed from." As the transcript in this cause was not so filed until more than seventy (70) days after the action of the court in overruling appellant's motion for a new trial, this court is without jurisdiction. The appeal is therefore dismissed.

Dausman, J., dissents.