TAUGHINBAUGH *v.* STATE OF INDIANA.

[No. 24,683.   Filed October 23, 1928.]

*John J. O'Niell* and *Cary Taughinbaugh,* for appellant.

*U. S. Lesh,* Attorney-General, and *Connor D. Ross,* Assistant Attorney-General, for the State.

PER CURIAM.—On the first page of the transcript, this case is entitled an appeal from the Delaware Circuit Court, but an examination of the contents of the transcript shows that the case is an appeal from the juvenile court of Delaware County, Indiana.   The affidavit shows that it was filed in the juvenile court of Delaware County, Indiana, and was founded upon §2, ch. 111, Acts 1917 p. 341, §1696 Burns 1926.

The record shows a trial by jury in the juvenile court and a verdict of guilty upon which judgment was rendered.   The certificate of the clerk to the transcript is

entitled "In the Juvenile court, Delaware county, Indiana" and certifies, "that the transcript is correct and complete of all proceedings had and order-book entries made and true, correct and complete copies of all papers and pleadings filed and on file in the above entitled cause as the same appears of record, and on file in my office except defendant's bill of exceptions, containing the evidence, which bill is incorporated in said transcript instead of a copy as required by the praecipe filed." This certificate is signed by the clerk of the Delaware Circuit Court and purports to certify to the proceedings of the Delaware Juvenile Court. The *praecipe* was addressed to the clerk of the Delaware Circuit Court requesting him to prepare and certify a transcript for use on appeal "in the above entitled cause."

Section 1694 Burns 1926, provides that the clerk of the circuit court shall be the clerk of the juvenile court and shall keep a record of the proceedings in a book to be known as a "Juvenile Court Record."

The attorney-general contends that this is an appeal from a judgment of a juvenile court and should have been taken to the Appellate Court. In this contention we think the attorney-general is correct. See §1696 Burns 1926; *Cline* v. *State* (1922), 80 Ind. App. 251, 135 N. E. 159, in which a transfer to the Supreme Court was denied, holding that appeals in this class of cases go to the Appellate Court and not to the Supreme Court. See, also, *McCutcheon* v. *State* (1923), 81 Ind. App. 623, 140 N. E. 64; §1709 Burns 1926.

This appeal should be and is transferred to the Appellate Court.