GIANGROSSO v. STRAUB

———

(June 10, 1929.  Opinion and Decree.)
(July 1, 1929.  Rehearing Refused.)
(October 8, 1929.  Writ of Certiorari and Review Refused by Supreme Court.)

———

Theo. Cotonio, of New Orleans, attorney for plaintiff, appellant.

Prowell, McBride & Ray, of New Orleans, attorneys for Loubat Glassware & Cork Co., Ltd., defendant, appellee.

WESTERFIELD, J.  Plaintiff, the lessor of premises occupied by defendant, filed suit in the civil district court for the parish of Orleans and obtained an order of provisional seizure of certain personal property on the leased premises.  The sheriff, in execution of the writ, attempted to sell the property.  On the day of the sale a representative of the Loubat Glass-ware & Cork Company, Limited, called the attention of the sheriff to the fact that it was the holder of a chattel mortgage on some of the movable property which he proposed to sell.  The sheriff, without any other authority to do so, segregated the property indicated by the representative of the chattel mortgage creditor, and offered it for sale separately.

The highest bid received for the property thus segregated was $100, a sum much less than the amount of the chattel mortgage.  The sheriff refused to sell the property, having in his possession, as he afterwards testified, a mortgage certificate on which the chattel mortgage of the Loubat Company appeared.

Thereafter the Loubat Company filed a rule in these proceedings for the purpose of having the sheriff deliver the property, upon which its chattel mortgage rested, to the constable of the first city court, in order that it might be sold under executory process, which had previously been sued out by the Loubat Company in that court.

Counsel for the plaintiff, defendant in rule, objected to the form of procedure as summary, and in the alternative filed exception of nonjoinder, vagueness, and no cause or right of action.  Further objection was made upon the ground that the sheriff acted illegally in failing to sell the mortgaged property, because no order had been obtained from the civil district court authorizing or requiring him to do so, and that plaintiff cannot be prejudiced by the illegal acts of the Loubat Company and/or the sheriff.

Following the trial of the rule, a judgment was rendered ordering the sheriff to turn the property over to the constable, and plaintiff appealed therefrom devolutively.

The action of the sheriff in refusing to sell the property is the gravamen of plaintiff's complaint. His refusal is justified, it is claimed, by article 684 of the Code of Practice, which reads as follows:

"Consequently, if the price offered in this case by the highest and last bidder, is not sufficient to discharge the privileges and mortgages existing on the property, and which have a preference over the judgment creditor, there shall be no adjudication, and the sheriff shall proceed to seize other property of the debtor, if there be any."

In answer to this contention, plaintiff's counsel argues that this article of the Code, having been adopted long before the introduction of chattel mortgages in this state, can have no application. This argument is not sound, for the reasons that the Legislature must be presumed to have been familiar with the provisions of the Code relative to mortgages, when it sanctioned and adopted the chattel mortgage. All laws establishing a general practice are applicable to new statutes when pertinent, no matter what difference there may be in the time of their enactment. State vs. Judge of Second District Court, 5 La. Ann. 518; Waldo vs. Bell, 13 La. Ann. 329; Claverie vs. Waggaman, 1 McGloin, 35.

The validity of the chattel mortgage and its priority in rank is not denied. Plaintiff complains only of the form of procedure. His final objection is based upon article 680 of the Code of Practice to the effect that, when property under seizure is offered for sale, and fails to bring two-thirds of the appraised value, the sheriff is required to re-advertise the property and sell it on a twelve-month bond. This defense was not raised by the pleadings, and was therefore not considered by the trial court, and cannot be urged upon appeal.

The judgment appealed from is, for the reasons assigned, affirmed.