IN RE CONTAS: LION COAL CO. v. CONTAS; IN RE SIKORA: LION COAL CO. v. SIKORA
(Nos. 1635, 1636; Sept. 9, 1930; 291 Pac. 314)

For the appellant there was a brief by *T. S. Taliaferro, Jr.*, and *Arthur-Lee Taliaferro* in support of the petitions and motions for reinstatement, the points and authorities being practically the same in each case.

RINER, Justice.

Appellant has presented its "petitions and motions" supported by briefs to reinstate these causes, which were dismissed (289 Pac. 368) Lion Coal Co. v. Contas, because this court held, following its previous decisions, that it had no jurisdiction to entertain an appeal in a Workmen's Compensation case where the record was not filed here as required by the imperative language of Section 4328, W. C. S. 1920, as amended by Laws 1925, Ch. 124, Sec. 2. We regard these petitions and motions as coming within the provisions of our rule twenty-three.

It is insisted by appellant that "when a complete record, without laches on the part of the appellant, is filed with the clerk of the District Court then and there jurisdiction is acquired by the Supreme Court to hear and

determine the question presented by the record." This obviously cannot be so, for the law governing direct appeals to this court specifically provides (Wyo. C. S. 1920, Sec. 6411) that "The Supreme Court shall not acquire jurisdiction over the cause until the record on appeal is filed with the clerk of said court." Recognizing the force of this statutory provision, in Thomas v. Biven, 32 Wyo. 478, 235 Pac. 321, 322, it was said, citing the section last mentioned:

"This court obtains jurisdiction of the cause only when the record on appeal is filed with its clerk."

The purpose of the law-making body of this state to require prompt disposition of claims arising under the Workmen's Compensation Act is at once apparent upon inspection of its sections dealing with procedure. In the District Court, whenever an injury is reported to the judge as by law required, by Section 4327, W. C. S. 1920, it is declared "it shall thereupon be the duty of said judge to investigate the nature of said injury and claim for compensation at the *earliest possible date.*" (Italics are ours.) When there is a dispute as to the right of the injured employee or his dependent family to receive compensation or as to the amount thereof, then the said section further directs "it shall be the duty of said judge to set the case down for a hearing at the *earliest possible date.*" (Italics are ours.) In case a jury is demanded, names may be drawn from the five-mile jury box unless a regular jury is in attendance. While a review in this court is allowed (Sec. 4328 supra) of the order made in the District Court upon the hearing, it is permitted only under the positive terms of the proviso quoted in the original memorandum filed in this case. The purpose of the legislature is further demonstrated by the clause of the law immediately following that provision whereby the time regularly allowed for briefs in this court is reduced

and the case "shall be advanced on the calendar and disposed of as promptly as possible." The fact that the care and subsistence of workers in extra-hazardous occupations and their families are involved is doubtless the mainspring of the purpose of the law in thus speeding up procedure in matters of this kind, and affords, we think, an underlying incentive wholly humanitarian and justifiable.

It is to be observed that the requirement of the proviso aforesaid that "the petition in error, bill of exceptions and record on appeal must be filed in the Supreme Court within thirty days from the date of decision or order on motion for new trial by a court or judge unless the time be extended by order of court or judge" materially alters the time for bringing proceedings in error in such cases, which would ordinarily be the period of one year, as fixed by Section 6384, W. C. S. 1920, as well as definitely controls the time for lodging the record on direct appeal in this court. Were we to adopt the view urged by appellant, that the quoted proviso is directory merely, we would be not only disregarding the clearly expressed purpose of the legislature, but we would also be rendering ineffective the latest expression of the will of the people of this state concerning this special course of procedure.

If it be suggested that inasmuch as Section 4328, supra, of the Workmen's Compensation Act became a law in 1915, while the provisions for a direct appeal to this court came into existence thereafter in 1917 (Comp. St. 1920, Secs. 6401-6415), it follows that those provisions cannot be affected by the limitations fixed upon appellate procedure in the earlier statute, to this suggestion there are several answers.

It is beyond reasonable controversy, as has been already indicated, that it was the policy and purpose of the legislature by the enactment of Section 4328 aforesaid, to speed up appellate procedure, and by the general terms

of that section to fix a limited time for lodging any record in this court upon which could be sought the review of a decision or order in a Workmen's Compensation case. This limitation may appropriately be said to apply to the lodging of a record under a subsequently created method of appellate procedure such as the direct appeal act, especially where the latter does not undertake to govern the point by definite provision. As said in 25 R. C. L. 778:

"Statutes framed in general terms apply to new cases that arise and to new subjects that are created, from time to time, and which come within their general scope and policy. It is a rule of statutory construction that legislative enactments in general and comprehensive terms, prospective in operation, apply alike to all persons, subjects and business within their general purview and scope coming into existence subsequent to their passage."

See also 36 Cyc. 1235; Adams v. Woods, 2 Cranch 336, 2 L. Ed. 297; State ex rel. St. Joseph Lead Co. v. Jones, 270 Mo. 230, 192 S. W. 980; Giangrosso v. Straub, 11 La. Ct. of App. 406, 122 So. 915; Commonwealth v. Quaker City Cab Co., 287 Pa. 161, 134 Atl. 404; Hazelton v. Interstate Stage Lines, Inc., 82 N. H. 327, 133 Atl. 451, 47 A. L. R. 218.

It is also to be noted that Section 4328, supra, was reenacted by the state legislature in 1925—some eight years after the passage of the law providing for a direct appeal to this court. At the time of such reenactment the legislature had before it not only the terms of the new law concerning appellate procedure, but also a number of decisions of this court construing its provisions. Nevertheless, Section 4328 was reenacted with no change whatsoever regarding the limitation for filing in the Supreme Court the record on appeal. This action of the law-making body must, we think, be deemed a reiteration of the policy previously announced, of hastening the steps for obtain-

ing a review of questions arising under the Workmen's Compensation Act.

We have not been unmindful that if a litigant undertakes to pursue the method of direct appeal to this court and finds it necessary that all the time must be used, as fixed by that method for the several steps in bringing the cause to this court, more than thirty days will necessarily elapse from the date of the decision or order sought to be reviewed before the record can be properly filed. In such case the litigant is fully protected by the right given under Section 4328, supra, to secure an extension of time for the filing of his record here. In effect, the statute says to suitors under the Workmen's Compensation Act: You must file your record on appeal in the Supreme Court within thirty days from the date of the decision or order to be reviewed; but if you find, under the exigencies of your case, that this cannot be done, you may apply for an extension of time within which to make such filing. There is no hardship imposed by this requirement that we can see. Cases have been brought here and all steps taken within the thirty days from the date of the decision or order of which complaint is made. In other cases under the Workmen's Compensation Act brought to this court by direct appeal, an extension of time has been obtained and no difficulty appears to have been experienced in complying with the law.

The further contention now presented that no other courts have taken the view that a statute phrased after the manner of the proviso aforesaid is mandatory in its requirements, resulting in a want of jurisdiction when not obeyed, cannot advisedly be made. For example, under a statute not nearly so peremptory in its terms, in Schillo v. Anderson, 51 Ill. App. 403, the court said:

"This is an appeal from an interlocutory order of injunction. The statute permits an appeal from such an order only 'when such appeal is taken within thirty days

102

from the entry of such interlocutory order or decree, and is perfected in said Appellate Court within sixty days from the entry of such order or decree.' Chap. 69, Rev. Stat., Sec. 24. The order of injunction was on July 17, 1893. The transcript of the record of the Circuit Court was not filed here until September 25, 1893, which was more than sixty days from the date of the order. The objection goes to the jurisdiction of this court, and must be raised by this court. An appeal is not perfected in this court until the transcript is filed here. The appeal must be dismissed.''

In the comparatively recent case of Upsher County v. Throckmorton Independent School District, (Tex. Civ. App.) 20 S. W. (2nd) 1105, under a statute worded in some respects like ours, we find this language:

"The judgment recites that appellant excepted thereto and gave notice of appeal to this court. The transcript was filed in this court on the 23rd day of March, 1929, more than 90 days after notice of appeal was given. By article 1839, Rev. St. 1925, it is provided that the transcript must be filed in this court within 90 days from the perfection of the appeal. * * * The time to file a transcript in this court having expired 90 days after the rendition of the judgment containing the notice of appeal, this court acquired no jurisdiction of the appeal, and same must therefore be dismissed. It is so ordered.''

Having occasion in an earlier case to construe a statute providing for an appeal from an order refusing a temporary injunction, the statute reading:

"provided, the transcript in such case shall be filed with the clerk of the court of civil appeals not later than twenty days after the entry of record of such order or judgment granting, refusing, dissolving or refusing to dissolve such injunction,''

the court, in McFadden v. Neches Canal Company, (Tex. Civ. App.) 278 S. W. 931, 932, dismissed the suit wherein the question arose, saying:

"It appears that the transcript was filed in this court on the twenty-sixth day after the judgment was entered. The statute, article 4644, supra, is mandatory that the transcript must be filed within 20 days after the entry of the judgment. In order to confer jurisdiction of the appeal, the transcript must have been filed in this court within 20 days from April 18, 1925. Baumberger v. Allen, 101 Tex. 352, 107 S. W. 526; Scott v. Board of Trustees, (Tex. Civ. App.) 223 S. W. 253; Dallas County, etc. v. Pruitt, (Tex. Civ. App.) 245 S. W. 85; Dodson v. Ingram, (Tex. Civ. App.) 270 S. W. 575. Appeal dismissed."

The opinion in the case of Tennessee Central R. Co. v. Reeves' Am,'r., 143 Ky. 467, 136 S. W. 870, is entire as follows:

"It was incumbent on appellant to have the time for filing the record extended when the bill of exceptions was not filed, although it was delayed by appellee. The time having expired, and the record not having been filed, the appeal, under the statutes, must be dismissed, with damages. Motion (to dismiss) sustained."

The same court, in the later case of Edelston v. Edelston, 173 Ky. 252, 190 S. W. 1083, in dismissing the action for failure to file the record in time, said:

"The motion of appellee to dismiss the appeal must, for the reason urged by her, be sustained, viz. because of the failure of the appellant to file the transcript in the office of the clerk of this court 20 days before the first day of the second term thereof, next after the granting of the appeal, as required by Section 738, Civil Code, which provides: 'The appellant shall file the transcript in the office of the clerk of the Court of Appeals at least twenty days before the first day of the second term of said court next after the granting of the appeal, unless the court extend the time; as, for cause shown, the court may do.' The provisions of Section 738 of the Code are mandatory. Western Union Telegraph Co. v. Johnson, 100 Ky. 589, 38 S. W. 1043, 18 Ky. Law Rep. 982; Langhorn v. Wiley, 120 Ky. 511, 87 S. W. 266, 27 Ky. L. Rep. 908; Sandy

River v. Caudell, 108 Ky. 197, 56 S. W. 18, 21 Ky. Law Rep. 1647; Blalock v. Atwood, 148 Ky. 828, 147 S. W. 748; Beavers v. Bowen, 111 Ky. 603, 64 S. W. 494, 23 Ky. Law Rep. 826; L. & N. R. R. Co. v. Lucas, 120 Ky. 359, 86 S. W. 682, 27 Ky. Law Rep. 769.''

To the same effect is the recent decision in Wermeling v. Wermeling, 224 Ky. 107, 5 S. W. (2nd) 893, from that court.

In Taylor v. Colorado Iron Works, 29 Colo. 372, 68 Pac. 218, having before it a statute limiting the time for filing the record on appeal, the court used the following language:

''The Code section requires the appellant to lodge in the office of the clerk of the Supreme Court an authenticated copy of the record of the judgment or decree appealed from, by or before the third day of the next term of said Supreme Court, provided there be 30 days between the time of making the appeal and the sitting of the Supreme Court, with a further proviso for an extension of time for good cause shown. No request for an extension of time was made. The next ensuing term of this court after the perfecting of the appeal began on the second Monday of September, 1901. There were more than 30 days, therefore, between the making of the appeal and the third day of that term, and the appellants, not having lodged with the clerk the required copy until the 15th day of January, 1902, and their time not having been extended, are too late, and jurisdiction is lacking to entertain their appeal. This ground of the motion is not controverted by appellants. The appeal must be dismissed.''

Considering a rule of court declared to have the force of a statute, which limited the time within which the record on appeal could be filed, in Hale v. Belgrade Co., 74 Mont. 308, 240 Pac. 371, 372, the court said:

''It is only by the filing of a completed record within time that this court acquires jurisdiction to consider the appeal on its merits. Beck v. Holland, 28 Mont. 460, 72

Pac. 972; Featherman v. Granite County, 28 Mont. 462, 72 P. 972; Adams v. Bankers' Life Ins. Co., 13 Mont. 222, 33 P. 192.''

In State v. Amsberry, 104 Nebr. 273, 177 N. W. 179, 178 N. W. 822, 824, the provision of law under consideration was that ''either party may appeal to the Supreme Court within ten days after a decision is rendered,'' while the facts were that the order of the trial court from which the appeal was attempted to be taken was rendered August 6, and the transcript of the proceedings was filed with the clerk of the appellate court on August 19, some fourteen days after the final order. Dismissing the appeal, the court said:

''Nothing but the filing of a transcript in this court within the time prescribed can vest this court with jurisdiction of the subject-matter. No stipulation, consent, or waiver of the parties can take the place of the filing of the transcript. The case of Patterson v. Woodland, 28 Neb. 250, 44 N. W. 112, cited in our former opinion, is an authority supporting this opinion. In that case it was said: 'As the transcript and petition in error were filed after the expiration of a year from the rendition of the judgment, the right to prosecute error had ceased.' ''

The following language from the opinion in Purdue v. Taylor, 80 Ind. App. 49, 139 N. E. 455, is self-explanatory:

''The transcript of the record before us discloses that the motion for a new trial was overruled on June 22, 1922, and time given in which to file bills of exceptions, etc.; that the judgment in the cause had theretofore been rendered and duly entered of record on March 27, 1922; that the transcript of the record in this case was filed in the office of the clerk of this court on December 20, 1922, the 181st day after said motion was overruled. In this condition of the record, the appellee has moved to dismiss this appeal, as not having been perfected within the time allowed by law, and this court being therefore without

jurisdiction to determine the case on its merits. The motion must be sustained. Appeal dismissed.''

The same court, considering another statute limiting the time for filing the record on appeal in a criminal case, the statute being couched in no such stringent language as is Section 4328, supra, yet said, in Taughinbaugh v. State, 88 Ind. App. 160, 163 N. E. 599:

''This judgment was rendered on March 26, 1924. An appeal was prosecuted to the Supreme Court and a transcript of the record was filed in the office of the clerk of such court on May 24, 1924. Thereafter, on October 23, 1928, the cause was transferred by the Supreme Court to the Appellate Court for want of jurisdiction of the Supreme Court. See Taughinbaugh v. State of Indiana, (Ind.) 163 N. E. 598. As the transcript was not filed within 30 days after judgment was rendered, this court has no jurisdiction. Section 1709, Burns' 1926; McCutcheon v. State, 81 Ind. App. 623, 140 N. E. 64. Appeal dismissed.''

The foregoing resume of authorities on the point does not undertake to be exhaustive.

It is urged that the fault lies with the clerk of the District Court, who it is said, was directed by counsel to send up the record as required by law and failed to do so. But appellant knew or should have known (Boulter v. Cook, 32 Wyo. 461, 234 Pac. 1101, 236 Pac. 245) that the clerk had not sent the record for filing in this court and that the time within which that might be done was fast expiring. Yet it made no attempt to secure an extension of time, as permitted by the statute. Had appellant sought to avail itself of this privilege, the present difficulty in these cases would not have arisen. Within our observation, the district judges of this state are invariably fair in granting such extensions. On the mere question of diligence in such a matter, reference may be made to the case of Iowa State Savings Bank v. Twomley, 31 Ida. 683, 175 Pac. 812, where it was held that a failure to apply for an

extension of time within which to file a record negatived the question of diligence unless a showing was made that such failure was not due to appellant's fault. It has been held by other courts that absence on account of business engagements elsewhere cannot be regarded as furnishing a sufficient excuse for not taking necessary procedural steps. Trotter v. Kleinschmidt, 21 Mont. 532, 55 Pac. 29; Wright v. Brander, 17 La. Ann. 187; Brown v. Farmers Loan & Trust Co., 109 Ia. 440, 80 N. W. 525.

Again, from the clerk's records concerning these cases it appears that when the records on appeal were received by him no docket fees were in his hands which entitled the cases to be at that time filed (Posvar v. Royce, 37 Wyo. 34, 258 Pac. 587), the fees being deposited subsequently. It is plain, therefore, that had the clerk of the District Court sent the records here at an earlier date, they could not have been filed within the proper time for want of deposit of the necessary docket fees. Posvar v. Royce, supra.

Finally, it appears by the affidavits of the clerk of the District Court of Sweetwater County, filed in these cases, that after the records had been prepared and filed in said court, counsel for appellant withdrew them and they were not returned to the clerk's office until February 10, 1930, on which day they were sent on to the clerk of this court for filing. That this statement of the matter is true does not seem to be controverted. As the date on which the record was returned to the clerk of the District Court was long subsequent to the proper date for filing the records in this court, it is obvious the failure to transmit the records here in due season is not chargeable to that officer. In Samuelson v. Tribune Pub. Co., (Wyo.) 287 Pac. 83, cases were cited and it was clearly indicated that a duty rests upon appellant to see to it that his record on appeal is forwarded to this court as required by law.

We have examined with care all the authorities to which our attention has been directed, but they do not aid us to reach a conclusion other than that heretofore announced. The petitions and motions to reinstate the cases must accordingly be denied.

*Denied.*

BLUME, C. J., and KIMBALL, J., concur.