[October Term, 1935]

IN THE MATTER OF THE GREYBULL VALLEY IRRIGATION DISTRICT, DONOVAN, ET AL. v. OWEN, ET AL.

(No. 1964; November 19, 1935; 52 Pac. (2d) 410)

In support of the motions, there was a brief and oral argument by *Ernest J. Goppert,* of Cody.

In opposition to the motions, there were oral arguments by *Milward L. Simpson*, of Cody, and *Harry B. Henderson*, of Cheyenne, who filed no briefs.

KIMBALL, Chief Justice.

Some forty or more owners of lands in the Greybull Valley Irrigation District appeal from an order entered July 30, 1935, granting the prayer of a petition of the district "for revision, modification and change of orders" previously made. We understand that the order appealed from makes such changes in former orders as were deemed necessary to authorize the district to obtain by loan and grant from the United States $1,108,000, for the construction of irrigation works for the benefit of lands in the district, and to fix the terms of repayment of $845,000 of the amount from assessments against the lands.

The case has been heard on two motions filed by respondent—one to dismiss the appeal, the other to shorten the time for the filing of briefs.

First, as to the motion to dismiss. Respondent does not claim that the order of July 30 is not a final order within the statutory definition. R. S. 1931, § 89-4801. The appeal has been taken and perfected in strict accordance with the statutes which provide generally for direct appeal to this court from a final order of the district court. R. S. 1931, ch. 89, art. 49. The

notice of appeal was served and filed August 7, within 10 days from the entry of the order (§ 89-4902) ; the record was filed in the district court on October 4, within 70 days after the entry of the order (§ 89-4904) ; the specifications of error were served October 12 and filed October 14, within 10 days after the filing of the record (§ 89-4908), and the record was filed in this court October 26, less than 60 days after it was filed in the district court (§ 89-4910, Rule 35, 42 Wyo. 539).

The respondent, however, contends that the time for perfecting the appeal is shortened by section 122-742, a part of the law in regard to irrigation districts. This section provides that the order confirming the assessments of benefits shall be conclusive as to the regularity of all proceedings relating to the assessment of benefits "unless appealed from within 30 days after the entry of such order." There may be some doubt that the order appealed from is an "order confirming the assessment of benefits." We understand that respondent contends that it is not, and claims that the order confirming the assessment of benefits was entered some 14 years ago. The appellants, however, seem to claim or admit that the order in question is one of those orders affected by the thirty-day limitation, and we shall assume that to be so. A similar limitation is found in other parts of the irrigation district statutes. Section 122-710 provides that certain "findings and orders of the court * * * shall be final and conclusive unless appealed from to the Supreme Court within thirty days after filing thereof." Section 122-720 provides that the order of confirmation of the report of the commissioners "shall be final and conclusive * * * unless within thirty days an appeal be taken to the Supreme Court." Section 122-750 provides that the order confirming certain other proceedings shall be conclusive as to the regularity thereof

unless appealed from within 30 days. These sections, as well as section 122-742, supra, merely fix the time within which an appeal may be taken. An appeal under the direct appeal statute is "taken" by serving and filing the notice of appeal. The statute (R. S. 89-4902) so declares, and that is the general rule under appeal statutes that provide for such a notice. See Miller v. New York Oil Co., 32 Wyo. 483, 488, 235 Pac. 323. In 2 Enc. P. & P. 237 it is said that an "appeal is taken when a legal condition is performed which terminates the running of the statute limiting the time for taking it. * * * Under code practice an appeal is taken by serving and filing the notice of appeal." And see 2 Hayne on New Trial and Appeal, § 206; Saverance v. Lockhart, 66 S. C. 539, 45 S. E. 83. When an appeal is taken by serving and filing the notice of appeal, the performance of other acts necessary to lodge the record in this court are usually called the "perfecting of the appeal." Elliot on App. Proc. § 245. See Coffee v. Harris, 27 Wyo. 394, 398, 197 Pac. 649; R. S. Wyo. 1931, § 89-4912. State ex rel. Ayers v. Amsberry (on hearing), 104 Neb. 279, 178 N. W. 822, cited by respondent, is not in point, as under the Nebraska statute (R. S. 1913, § 8186) an appeal is taken by filing in the Supreme Court a transcript of the judgment or order appealed from.

We think an order made in proceedings under our irrigation district statutes is "appealed from" within the meaning of section 122-742, when the appeal is taken. Respondent's contention that the statutes mean that the appeal must be perfected by filing the record in this court within the 30-day period finds no support in the language of the law. Nor can we see any reason for supposing that the legislature would intend to fix such a short period for perfecting an appeal, without any provision for extending the time, when the procedure under the general direct appeal statute, which

must be followed in perfecting the appeal, allows the appellant as a matter of right a total of more than 100 days for that purpose, and also permits extensions of the time. Certainly, an intention to shorten the time to 30 days would have been expressed in plain language. In another law, the Workmen's Compensation Act, frequently before this court, the legislature did at first require that the record on appeal be filed in the Supreme Court within 30 days. C. S. 1920, § 4328. But this was done by plain language, and there was a provision for extending the time. See Lion Coal Co. v. Contas, 42 Wyo. 94, 101, 291 Pac. 314. Later, it was deemed advisable to increase the time to 70 days. R. S. 1931, § 124-114.

It may be argued that the legislature in putting the 30-day limitation in the irrigation district act must have intended to shorten the time for appeal, and if the limitation applies only to the time of taking the appeal it does not have that effect, and was unnecessary, as a shorter period for taking an appeal had already been fixed by the direct appeal statutes. This argument loses its force when we consider more carefully the purpose and effect of the limitation. Without the limitation a final order could be reviewed either by direct appeal which would have to be taken in ten days, or by proceeding in error which under the statute then in effect (89-4816) might be commenced within one year. The legislature evidently intended that after thirty days interested parties would know whether or not the order in question was to be challenged by appeal. When they spoke of the taking of an appeal and of an order being appealed from, they evidently used the words "appeal" and "appealed from" in a broad sense, as designating generally any method provided by statute for removing the case from the district court to the Supreme Court for review, including not only an appeal under the direct

appeal statute, but also a proceeding by petition in error. See Caldwell v. State, 12 Wyo. 206, 211, 94 Pac. 496; Dow v. Casey, 194 Mass. 48, 79 N. E. 810; State ex rel. Lamar v. Jacksonville Terminal Co., 41 Fla. 363, 27 So. 221; Dorris Motor Car Co. v. Colburn, 307 Mo. 137, 158, 270 S. W. 339, 346. To carry out the legislative purpose it was not necessary to shorten the statutory limitation of the time for taking an appeal under the direct appeal statute, but it was necessary to shorten the period allowed by general law for the commencement of a proceeding in error.

It appears from the record that, on August 17, appellants were granted "an additional 40 days in which to file their appeal herein." In the application for this extension appellants "respectfully submit" that section 122-742 shortens the time of appeal from 70 days as allowed by the direct appeal statute, to 30 days, and pray for an extension of time "in which to file their record on appeal in the Supreme Court." If we were to adopt respondent's view as to the meaning of section 122-742, this extension of time was probably unauthorized. See 3 C. J. 1069. As we hold that the section does not limit the time for perfecting the appeal, the extension was unnecessary. The time as so extended was 70 days from the entry of the order (see Marks v. Boone, 24 Fla. 177, 4 So. 532; Hill v. Ellinghouse, 36 Mont. 440, 93 Pac. 345) which is the same time allowed by the direct appeal statute (§ 89-4904) for preparing and filing the record in the district court. The record, as shown above, was filed within that time.

It is claimed, however, that appellants should be bound by their construction of section 122-742, as shown by their application for the extension. No authorities are cited. No elements of an estoppel are pointed out. The appeal having been taken and perfected in time, we know of no rule that would justify

its dismissal on the ground that appellants in applying for an unnecessary extension stated an erroneous opinion on the meaning of the statute.

The motion to shorten the time for briefs is filed under Rule 15 (42 Wyo. 534). Appellants would ordinarily have until December 26 and respondent 45 days thereafter, to serve and file briefs on the merits. The rule provides that "the court, upon finding that an emergency exists sufficient to justify an earlier maturing of the cause for hearing may, by order, upon application and notice, fix a shorter time for the filing and serving of briefs."

The motion states that the loan and grant agreement under which the district hopes to obtain the money necessary to construct its irrigation works has been approved by the Federal Emergency Administration of Public Works, and by the order of the district court from which the appeal is taken. It is alleged that an emergency justifying an early maturing of the cause arises because,—

"Orders have been issued by the Federal Emergency Administration of Public Works and by the Public Works Administration and by the Works of Progress Administration requiring that construction contracts be let on all projects for which Loan and Grant Agreements have been obtained by Irrigation Districts, etc., with the United States Government, not later than December 15, A. D., 1935; that no funds are available under the terms of the Loan and Grant Agreement between Appellee and the United States of America until this suit be determined and that no Contract can be let on a reasonable basis until such funds are made available."

It is of course apparent that a shortening of the time for filing briefs will not result in a determination of the appeal in time to overcome the difficulties of the alleged emergency. Respondent does not claim that it is possible to have the appeal decided, the funds

**532**

made available and the construction contract let between now and December 15. But it is suggested that the orders of the Federal Works agencies requiring contracts to be let by December 15 may be modified in favor of those who proceed diligently in their efforts to comply with the mentioned orders.

The motion does not suggest the time that should be allowed for filing briefs, but on the oral argument, November 13, counsel for respondent expressed the opinion that 30 days for filing appellants' brief and 10 days for respondent's would be reasonable. Appellants insist that they need the whole time allowed by our rule, but we think in a case of this kind they should be willing to make the additional effort that may be necessary to mature the case before the first of the year.

The motion to shorten the time for filing briefs will be granted. Our order will provide that appellants' brief be filed thirty days from this date; respondent's ten days thereafter.

Motion to dismiss denied.

Motion to shorten time for briefs granted.

BLUME and RINER, JJ., concur.