168 So. 709

## MORERE v. HOWARD ODORLESS CLEANERS, Inc.

No. 33800.

April 27, 1936.

Rehearing Denied May 25, 1936.

Delvaille H. Theard, of New Orleans, for appellant.

Felix W. Gaudin, Merrick, Schwarz, Guste, Barnett & Redmann, Weiss & Weiss, and Titche & Titche, all of New Orleans, for interveners appellees.

FOURNET, Justice.

Plaintiff, Francis C. Morere, provisionally seized the contents of the premises leased by the defendant, Howard Odorless Cleaners, Inc., for the unpaid rent. The Credit Alliance Corporation, the Prosperity Company, Inc., Keystone Laundry Machinery Company, Inc., United States Hoffman Machinery Corporation, and Huebsch Manufacturing Company each filed a petition of intervention and third opposition, setting forth the existence of a chattel mortgage on certain of the seized machinery and equipment, and claiming a preference and priority over all creditors, including the landlord, wherein they sought to have the property respectively claimed by them separately appraised and sold to satisfy their respective claims. The plaintiff obtained a judgment by default against the lessee for the amount of his claim, recognizing his lien on the property provisionally seized, with reservation of the rights of the interveners to have their claims adjudicated upon at a later date.

The property provisionally seized by the plaintiff was sold by the civil sheriff for the parish of Orleans conformably to the orders of the court, bringing the total amount of $2,763.50, which was not sufficient to satisfy the claims of both the plaintiff and the interveners. The sheriff, therefore, in his plan of distribution of the proceeds of the sale proposed to charge the costs of the sale ratably among all of the persons whose property was sold under the writ of provisional seizure, including the keeper's costs, amounting to $575. The interveners and third opponents obtained a rule against plaintiff and the civil sheriff for the parish of Orleans, to show cause why the costs of the keeper should not be charged entirely to the moneys realized at the sale of the defendant's property upon which movers had no chattel mortgage and vendor's lien. The trial court made the rule absolute and rendered judgment accordingly. The plaintiff has appealed.

"The lessor has, for the payment of his rent, and other obligations of the lease, a right of pledge on the movable effects of the lessee, which are found on the property leased." Article 2705, Rev. Civ.Code.

Under the provisions of article 287 of the Code of Practice the lessor may obtain the provisional seizure of the property which he holds in pledge or on which he has a privilege in order to secure the payment of his claim.

We held in the case of Succession of Sussman, 168 La. 349, 122 So. 62, 63, that a creditor who held a vendor's lien and

special mortgage on the realty of the decedent and, instead of asserting his rights proceedings joining the executor in his application for the sale of the property to pay debts of the succession by asking for a separate sale of the property, thereby waived the benefits of Act No. 126 of 1926, amending Act No. 120 of 1902, § 9, giving the vendor's privilege priority over other claims, and said:

"Under these circumstances we do not think appellant can be absolved from contributing its proportion of the necessary costs of administration and legal charges. Succession of Negueloua, 52 La.Ann. [1495] 1496, 27 So. 962; Succession of Mrs. Atilano Blanco, 4 Orleans App. 229; Succession of Finegan, 135 La. 473, 65 So. 614."

It is interveners' contention, however, that there is no authority providing for the filing of independent executory proceedings by chattel mortgagees to dispossess a sheriff of the chattels he has in custodia legis; that interveners had no remedy to protect their rights other than that granted under the express provisions of the Code of Practice, articles 398, 401, and 402; that the sale was made primarily for the benefit of the landlord; that the sale was under his exclusive control and he should bear the keeper's costs; and that to hold otherwise would have the effect of defeating the express provisions of the chattel mortgage act granting to the mortgagee a superior lien over all subsequently acquired liens or privileges.

Our attention has been called to the decision of the Court of Appeal for the

Parish of Orleans in the case of Gian-grosso v. Straub, 11 La.App. 406, 122 So. 915, 916, which was brought up to this court on application for a writ of review and refused by us, assigning as our reason for refusing the writ "judgment correct." In that case the Court of Appeal said:

"Plaintiff, the lessor of premises occupied by defendant, filed suit in the civil district court for the parish of Orleans and obtained an order of provisional seizure of certain personal property on the leased premises. The sheriff, in execution of the writ, attempted to sell the property. On the day of the sale a representative of the Loubat Glassware & Cork Company, Limited, called the attention of the sheriff to the fact that it was the holder of a chattel mortgage on some of the movable property, which he proposed to sell. The sheriff, without any other authority to do so, segregated the property indicated by the representative of the chattel mortgage creditor, and offered it for sale separately.

"The highest bid received for the property thus segregated was $100, a sum much less than the amount of the chattel mortgage. The sheriff refused to sell the property, having in his possession, as he afterwards testified, a mortgage certificate on which the chattel mortgage of the Loubat Company appeared.

"Thereafter the Loubat Company filed a rule in these proceedings for the purpose of having the sheriff deliver the property, upon which its chattel mortgage rested, to the constable of the first city court,

in order that it might be sold under executory process, which had previously been sued out by the Loubat Company in that court. * * *

"The action of the sheriff in refusing to sell the property is the gravamen of plaintiff's complaint. His refusal is justified, it is claimed, by article 684 of the Code of Practice, which reads as follows:

" 'Consequently, if the price offered in this case by the highest and last bidder, is not sufficient to discharge the privileges and mortgages existing on the property, and which have a preference over the judgment creditor, there shall be no adjudication, and the sheriff shall proceed to seize other property of the debter, if there be any.'

"In answer to this contention, plaintiff's counsel argues that this article of the Code, having been adopted long before the introduction of chattel mortgages in this state, can have no application. This argument is not sound, for the reasons that the Legislature must be presumed to have been familiar with the provisions of the Code relative to mortgages, when it sanctioned and adopted the chattel mortgage. All laws establishing a general practice are applicable to new statutes when pertinent, no matter what difference there may be in the time of their enactment. State v. Judge of Second District Court, 5 La. Ann. 518; Waldo v. Bell, 13 La.Ann. 329; Clavarie v. Waggaman, 1 McGloin, 35."

In this case, the chattel mortgagees having intervened in the suit instituted by the landlord and having concurred with

him in the application for the sale of the property under the existing writ, we do not think they can be absolved from contributing their ratable proportion to the keeper's fees incurred. Interveners asked the court to invoke its powers to have the property sold and the sheriff was authorized to retain the property for that purpose. His services were rendered in behalf of interveners as well as plaintiff. Having accepted the benefits of the keeper's services, interveners must pay their proportion of his fees.

For the reasons assigned the judgment of the lower court is annulled and set aside, and it is now ordered that there be judgment in favor of Francis C. Morere (defendant in rule), dismissing interveners' rule at their costs.

ROGERS and ODOM, JJ., dissent.

O'NIELL, C. J., absent.